MARY SYKORA vs. CASE THRESHING-MACH. CO.

Argued Nov. 2, 1894.   Reversed Nov. 16, 1894.

No. 8945.

Persons entitled to receive the damages recovered for death caused by wrongful act may release those damages.

　A release given, for a valuable consideration, to the person liable, by those entitled, under 1878 G. S. ch. 77, § 2, to the benefit of the amount recoverable for death caused by a wrongful act, is a bar to a subsequent action brought by the personal representative of the deceased.

The persons entitled include those having claims for support or for funeral expenses.

Under the statute as amended by Laws 1891, ch. 123, those having demands "for the support of the deceased and funeral expenses" are beneficiaries of the amount recoverable, to the extent of their demands; but, in order to recover on account of such claims, their existence and amount must be alleged in the complaint.

Appeal by defendant, the J. I. Case Threshing Machine Company, from an order of the District Court of Cottonwood County, P. E. Brown, J., made March 5, 1894, sustaining a demurrer to the answer.

Frank Sykora Jr. and Ira Harper bought of Defendant September 6, 1894, a separator for threshing grain which that corporation had manufactured at Racine, Wis. While they were operating it on October 3, 1892, the cylinder revolving rapidly flew apart and pieces struck and killed Sykora. The bands around the cylinder were not of good material or properly welded, and the cylinder cap was imperfect and not securely made. On account of these defects the swiftly revolving cylinder separated and the parts flew off with great force. Frank Sykora Jr. died intestate. He left no wife or child. His father, Frank Sykora, Senior, was by statute his sole heir at law. Mary Sykora was duly appointed administratrix of his estate and brought this action under the statute to recover $2,000 claiming the death was caused by the wrongful act or omission of defendant. 1878 G. S. ch. 77, § 2, as amended by Laws 1891, ch. 123.

Defendant answered that Frank Sykora, Senior, on February 15, 1893, for a good consideration discharged and acquitted it of all lia-

bility, claims and demands whatsoever, arising from or because of the death of his son. To this answer plaintiff demurred. The trial court sustained the demurrer and defendant appeals.

*Lorin Cray,* for appellant.

At common law no action lies. Lord Campbell's act in 1846 gave an action to the family for damages and created a new and previously unknown right of recovery. We have copied that statute but it is in derogation of the common law and is to be strictly construed. *Hamilton* v. *Jones,* 125 Ind. 176; *Bolinger* v. *St. Paul & D. R. Co.,* 36 Minn. 418.

The statute provides that the amount received is to be for the exclusive benefit of the widow and next of kin. The existence of such widow or kin must be alleged and proved. The legal representative is a merely nominal plaintiff, a naked trustee. *Topping* v. *Town of St. Lawrence,* 86 Wis. 526; *Regan* v. *Chicago, M. & St. P. Ry. Co.,* 51 Wis. 599; *Schwarz* v. *Judd,* 28 Minn. 371.

The next of kin have the power to settle a cause of action for negligent killing before action brought or administrator appointed. *Schmidt* v. *Deegan,* 69 Wis. 300; *Natchez Cotton Mills* v. *Mullins,* 67 Miss. 672; *Holder* v. *Nashville, C. & St. L. R. Co.,* 92 Tenn. 141; *Guldager* v. *Rockwell,* 14 Colo. 459.

This action cannot be maintained for recovery of the incidental expenses for support of deceased, funeral expenses and expenses of administration alone, unless there are next of kin. As it appears in the complaint and answer that the next of kin are no longer interested, the action will not lie. *Stewart* v. *Terre Haute & I. R. Co.,* 103 Ind. 44.

*William C. Benbow,* for respondent.

The father could not release the whole cause of action. His release is not a bar to an action by an administrator. Demands for support or funeral expenses can not be thus cut off. L. 1891, ch. 123.

It may be claimed by the defendant that there were no demands for support of the deceased, or for funeral expenses. But there is no allegation in any pleading in this case that there were not such demands. The parties having such demands are to present them in

Probate Court. Their right is to have the fund when obtained distributed in satisfaction of their claims to the amount thereof, and it does not depend upon whether or not the administrator made mention of their demands in his complaint. The proviso must be taken into consideration in determining the meaning of the statute. *Wiswell* v. *Wiswell*, 35 Minn. 371.

The decisions in Tennessee, Mississippi, Colorado, New York and Wisconsin, are all inapplicable to the case at bar for the reason that the widow and next of kin are under the statutes in those states the exclusive beneficiaries and are the only parties interested. There is no provision whatever in any of those states in reference to creditors.

MITCHELL, J. This action was brought under 1878 G. S. ch. 77, § 2, as amended by Laws 1891, ch. 123, to recover damages for the death of plaintiff's intestate, alleged to have been caused by the wrongful act of the defendant. The complaint alleges that the deceased left no widow, and that his father was his next of kin. The defendant, in its answer, set up, among other defenses, that prior to the commencement of the action the father, being the only person that was, or in any event could be, entitled to receive the damages recoverable for the death of the deceased, had, for a valuable consideration paid to him by defendant, discharged and released the defendant from all liability, claims, demands, or causes of action arising out of the death of the deceased. This appeal is from an order sustaining a demurrer to the defense.

As the statute stood prior to the amendment of 1891, there could not have been any serious doubt, upon either reason or authority, as to the power of the widow (if one) and the next of kin to release such a cause of action. They were the parties actually and exclusively entitled to the benefit of the action, the personal representative being a mere trustee for them. The provision that such an action must be brought by the personal representative is designed for the benefit of the defendant, by making it certain that the party receiving the money is authorized to do so, and thus protect the defendant from the danger of having to pay twice. But if the party liable is willing to waive this provision for his protection, and settle directly with the real parties in interest, there is no reason why he may not

do so, and, if those who are entitled to the amount recoverable are *sui juris*, there is no possible reason why they may not settle the claim themselves.   *Stuebing* v. *Marshall*, 10 Daly, 406; *Schmidt* v. *Deegan*, 69 Wis. 300, (34 N. W. 83.)   Cases like *Wiswell* v. *Wiswell*, 35 Minn. 371, (29 N. W. 166,) holding that the official title of the personal representative, which he holds in trust for others, cannot be affected, to the prejudice of the estate, by his acts prior to appointment, are not in point.

The only doubt on the matter grows out of the amendment of 1891. This amendment, so far as here material, consisted of adding to the existing statute the following: "Provided that any demand for the support of the deceased and funeral expenses, duly allowed by the Probate Court, shall be first deducted"; that is, from the amount recovered.   This amendment is very peculiarly and awkwardly worded. But it is apparent that now the widow and next of kin may not be the exclusive beneficiaries of the amount recovered.   Those persons (if any) who have demands for the support of the deceased, and his funeral expenses, are preferred beneficiaries, to the extent of their claims.   Hence, the statute, as amended, must be construed as if it read: "The amount recovered is to be for the exclusive benefit—First, of those who have demands for the support of the deceased, and his funeral expenses; and, second, of the widow and next of kin."

We have held, under the original statute, that it was necessary to allege the existence of a widow or next of kin, in order that it may appear that there are persons entitled to the benefit of the action.   By parity of reasoning, it follows that under the amended statute, if a recovery is sought for demands for the support of the deceased, and funeral expenses, the existence and amount of such demands must be alleged.   We have also held, in common with most courts, that under the original statute the measure and limit of the recovery was the pecuniary loss to the widow and next of kin by reason of the death of the deceased.   This is not to be found in the language of the statute, but was read into it by judicial construction, based on the fact that the action was for the exclusive benefit of the widow and next of kin.

It would not be permissible to attach the amendment to this judicial construction, but a judicial construction must now be given to the statute as amended.   Consequently, by the same reasoning by

which the measure of recovery under the original statute was held to be the pecuniary loss of the widow and next of kin, it must now be held that the measure of recovery is the pecuniary loss to the next of kin, plus demands for the support of the deceased, and funeral expenses; not exceeding, of course, in all, the statutory limit. It would be unreasonable to suppose that it was intended to limit the recovery to the pecuniary loss to the widow and next of kin, and deduct from that the demands referred to, and then give them only what was left.

The words, "duly allowed by the Probate Court," found in the amendment, must be construed as having reference merely to the matter of the administration of the fund after a recovery. It cannot mean that the demands must be first allowed by the probate court before there can be any recovery for them in the action. The person liable in the action is not a party to the probate proceedings, and the determination of that court is not binding upon him, or even evidence against him, as to the existence or amount of such demands. The only possible materiality of the determination of the Probate Court would be that, if it had fully and finally passed upon these demands before the trial of the action, the defendant would probably have a right to insist that the amount recoverable on them could not exceed the amount thus allowed by that court. The only way by which the statute can be carried into effect, according to the legislative intent, is to hold that the plaintiff must allege and prove the existence and value of these demands, which the jury may include in their verdict, and then, out of the amount recovered, the administrator must first pay the demands as allowed by the Probate Court. If it be said that the amount allowed by the jury and that allowed by the Probate Court on account of such demands might not be the same, it is perhaps sufficient to say that the defect, if any, is in the statute itself. But there is not much force to the suggestion. Presumably, both the jury and the Probate Court will only allow the reasonable value of well-founded claims, and if so there would be no discrepancy.

It follows from what has been said that, under the complaint in this action, there could have been no recovery on account of claims for the support or funeral expenses of the deceased, because none such are alleged; and, inasmuch as the recovery would have been limited to the pecuniary loss of the next of kin, then the release by

the next of kin, pleaded in the answer, constituted a full defense to the cause of action set up in the complaint.

We may add that we think that "demands for the support of the deceased" must be construed as referring only to the expenses of his last sickness; that is, during the time, if any, that elapsed between the injury and his death.

To avoid misapprehension, we may also add that we think that nothing would amount to an entire discharge of a party from the whole cause of action that did not include a release from demands, if any, for the support and funeral expenses of the deceased. Of course, if the widow or next of kin had defrayed these expenses, a release from them, in the general form pleaded in the answer, would discharge the party from all liability. Under other circumstances a release from them might only operate as a partial discharge, and leave the party still liable to the extent of the demands for support and funeral expenses.

Order reversed.

GILFILLAN, C. J., took no part.

(Opinion published 60 N. W. 1008.)