## MARION WOLTMAN v. HENRY L. WOLTMAN.[1]

October 6, 1922.

No. 23,094.

**No action by wife against her husband for his negligent tort.**
A wife cannot maintain an action against her husband to recover damages for his negligent tort. This right is not conferred on her by the Constitution or statutes of this state nor by the Fourteenth Amendment to the Constitution of the United States.

Action in the district court for Ramsey county to recover $2,350 damages for personal injuries. From the order sustaining defendant's demurrer to the complaint, Hanft, J., plaintiff appealed. Affirmed.

*Kueffner & Marks*, for appellant.
*Briggs, Weyl & Briggs*, for respondent.

HALLAM, J.
The complaint alleges that plaintiff and defendant are husband and wife and are living together; that they were riding together

[1]Reported in 189 N. W. 1022.

in an automobile, defendant driving the car; that through defendant's negligence the car overturned and plaintiff was injured. Plaintiff asks judgment against her husband for damages for the injury sustained. The trial court sustained defendant's demurrer to the complaint. Plaintiff appeals.

The sole question on this appeal is whether a wife may maintain an action against her husband to recover damages for his negligent tort. If the question were a new one it would lend itself to interesting discussion, for there is some diversity of opinion. We think, however, the question is not an open one in this state. In Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L. R. A. (N. S.) 191, 116 Am. St. 387, it was held that a married woman cannot maintain a civil action against her husband for a personal tort committed by him during coverture. This decision was approved in Drake v. Drake, 145 Minn. 388, 177 N. W. 624, 9 A. L. R. 1064, in which case it was held that a husband has no right of action against his wife to restrain the commission of personal torts against him. These cases were thoroughly considered and deliberately decided. The reasons for the decisions are fully stated. We think the decisions should be adhered to.

Plaintiff contends that section 7142, G. S. 1913, confers upon a wife the right to sue her husband in tort. This section reads as follows:

"Women shall retain the same legal existence and legal personality after marriage as before, and every married woman shall receive the same protection of all her rights as a woman which her husband does as a man, including the right to appeal to the courts in her own name alone for protection or redress; but this section shall not confer upon the wife a right to vote or hold office, except as is otherwise provided by law."

This statute was fully considered in the Strom and Drake cases. It was held that it was the purpose of the statute to place husband and wife on an equality as to the right to bring action in tort, and that it gives to the wife the same right as her husband possessed and no more. The husband has no right to sue his wife for her

personal tort. Hence the statute gives her no such right against him. The privilege of this sort of litigation is denied to both.

Plaintiff endeavors to distinguish this case from the Strom case, on the ground that in the Strom case the tort was assault, while in this case it is mere negligence. This does not seem to us to require a different rule of liability. In fact, if a distinction could be made between the two classes of cases, there would seem the greater reason for imposing liability in the more aggravated case.

Plaintiff contends that this rule denies to plaintiff the equal protection of the laws and is in contravention of the Fourteenth Amendment to the Federal Constitution. As above stated, the rule gives the wife the same rights as her husband possesses. The Fourteenth Amendment was not, in our opinion, intended to give the wife the same right to sue her husband which is possessed by strangers to the family relation. Nor do we think this right is given by section 8, Article 1, of our state Constitution, under which "every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive in his person, property or character."

Order affirmed.