### E. H. ALBRECHT v. H. A. POTTHOFF.[1]

November 23, 1934.

No. 29,969.

[1]Reported in 257 N. W. 377.

558

*Orr, Stark, Kidder & Freeman,* for appellant.
*Pfaender & Glotzbach,* for respondent.

*I. M. OLSEN, Justice.*

Defendant appeals from a judgment in favor of the plaintiff.

The action is one to recover damages for the wrongful death of one Florence Potthoff, a daughter of the defendant, about 26 years of age. The action is predicated on the negligence of the defendant in driving an automobile wherein the decedent was riding. The car ran off the traveled highway and tipped over, causing injuries to decedent, which injuries are claimed to have caused her death some 17 days later.

The plaintiff, as administrator of the estate of decedent, brings the action for the benefit of the next of kin of the deceased. It is conceded that the defendant, the father of decedent, because his negligence caused the death, cannot participate in any benefit or recovery, if recovery is had. The evidence shows that decedent's mother, the wife of defendant, is the only beneficiary entitled to receive the amount recovered in the action, if recovery is had, less funeral expenses and any claims for support of decedent. The claims for support so provided for may reasonably be held to include hospital and medical expenses and care for the decedent after the accident.

■ The appeal raises a somewhat new question in this court, and counsel concede that no case precisely in point on the facts has been found by them. The question is: Can the administrator of the estate of a deceased person recover in an action for wrongful death of a decedent where the sole beneficiary, in case recovery is had, is the wife of the defendant, the defendant being the person whose negligence caused the death?

Concededly, under our decisions, the wife cannot recover against her husband for a tort against her personally. Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022, and cases there cited.

In State v. Arnold, 182 Minn. 313, 235 N. W. 373, we held that a wife cannot be convicted of larceny for stealing the husband's property. The decision was by a divided court.

In Maine v. James Maine & Sons Co. 198 Iowa, 1278, 201 N. W. 20, 37 A. L. R. 161, and Emerson v. Western S. & I. Co. 116 Neb. 180, 216 N. W. 297, 56 A. L. R. 327, those courts held that the wife could not recover against the husband's employers under the law making the master liable for negligence of his servant, where the wife was injured by the negligence of her husband, acting as servant of the defendants. The decisions in these two cases are based on the primary holding that the wife cannot sue her husband for damages for a tort committed by him against her personally, hence, not for negligence causing personal injury to the wife. They add nothing to the primary rule stated.

Other cases are cited holding that a release by the sole beneficiary, or by all the beneficiaries, discharges the cause of action, and that the contributory negligence of the sole beneficiary is a bar to the action. We need not discuss these cases.

The statute under which this action is brought was enacted some time prior to 1862. It has been amended in several respects, not here material. That it created a new cause of action, unknown to the common law and nonexistent in this state up to the time it was enacted, is well established. Scheffler v. M. & St. L. Ry. Co. 32 Minn. 125, 19 N. W. 656, and other cases. That no one except the executor or administrator of the decedent's estate can bring the action is also settled by that case. The statute, 2 Mason Minn. St. 1927, § 9657, now reads:

"When death is caused by the wrongful act or omission of any person or corporation, the personal representative of the decedent may maintain an action therefor if he might have maintained an action, had he lived, for an injury caused by the same act or omission. The action may be commenced within two years after the act or omission. The damages therein cannot exceed seven thousand five hundred dollars, and shall be for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of persons dying intestate; but funeral expenses, and any demand for the support of the decedent, duly allowed by the probate court, shall first be deducted and paid. Provided, that if an action for such injury shall have been commenced by such decedent, and not finally determined during his life, it may be continued by his personal representative for the benefit of the same persons and for recovery of the same damages as herein provided, and the court on motion may make an order, allowing such continuance, and directing pleadings to be made and issues framed conformably to the practice in action begun under this section."

The statute probably was based on what is known as Lord Campbell's Act, adopted in England in 1846.

"This right of action is given for the benefit of the widow [now changed so as to read spouse] and next of kin. The theory of the statute is that they have a pecuniary interest in the life of the deceased, and its object is to compensate them for their loss caused by his death." Schwarz v. Judd, 28 Minn. 371, 372, 10 N. W. 208, 209.

The statute is remedial and is to be given a liberal construction. Bolinger v. St. P. & D. R. Co. 36 Minn. 418, 31 N. W. 856, 1 A. S. R. 680.

We do not depart from the law established by our prior decisions, holding that the wife cannot maintain an action against her husband for a tort committed by him against the person of the wife, nor can the husband bring such an action against the wife for a tort against him personally. As said in Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022, that question is settled by our prior decisions. It was there further decided that G. S. 1913, § 7142 (2 Mason Minn. St. 1927, § 8616) being a part of the laws relating to married women, did not authorize such an action. It is suggested in that case that, if the question were a new one, it would be open to consideration. But the present action is not brought by the wife against the husband. She could not bring the action. Only the representative of the estate of the deceased daughter could do so. The cause of action and right to sue are vested by statute in such representative. True, the recovery in this case, if obtained, is for the benefit of the wife, except as to funeral expenses and any claims for care. Again, the action is not brought to recover for any tort by the husband against the wife, but for a tort by the husband against the daughter of the parties. So we are called upon here to construe the statute relating to the action for damages for wrongful death as applied to the fact situation here shown, and not as it relates only to a suit by the wife to recover against the husband, or his employer, for a tort against her personally.

There is no statute which denies recovery in this or a similar action. On the contrary, the statute here in question, in clear language, authorizes recovery. In an action brought by the executor or administrator of the estate of a deceased, the only limitations

stated are (a) that the decedent could have brought an action for the wrong, if he had lived, and (b) that the action be brought within two years after the wrongful act or omission.

In holding in our decisions that the wife cannot maintain an action against her husband for a tort by the husband against her personally, we based those holdings not on any statute of this state prohibiting the bringing of such actions, but on the negative holding that there was no statute expressly authorizing such actions and, therefore, the common law rule should be applied. But, while the common law rule denies the right of the wife to bring an action against her husband for a tort against her, our attention has not been called to any common law or any decision which prohibits the representative of the estate of a decedent to recover against the husband for his tort against said decedent, although the wife may benefit by such recovery. We believe, under any statute such as ours, there is no such common law and no such decision.

As already noted, the common law rule is that a wife cannot maintain an action against her husband for a tort against her, nor can a husband maintain such an action against the wife for a tort committed by the wife against him. We hold the rule does not apply here because this is not an action by the wife against her husband and is not for a tort committed by the husband against the wife. In view of the present laws governing the relation of husband and wife, this common law rule should not now be extended to apply to this kind of an action. It may be noted in this connection that, as far as appears, in all cases cited by defendant involving the common law rule, the action was brought by the wife personally, not by the administrator of the estate of some deceased person, and the tort for which recovery was sought was a tort by the husband against the wife.

Defendant says that this suit is in effect a suit by the wife against her husband for a personal tort against her. There are two answers: (1) The cause of action is by statute vested in the representative of the estate of decedent, and no one else can sue; (2) the suit is not for a tort by the husband against his wife.

It is suggested that the bringing of such an action as this will tend to destroy the peace and sanctity of the home and family. Under the common law the husband and wife were one; there was a unity of husband and wife. While the peace and sanctity of the home and family are as highly regarded today as they ever were, we have traveled a long way from the common law theory of the unity of husband and wife. We have an entirely different legal conception of the marriage status today. The unity theory has been abandoned. Our present theory and law are that the husband and wife stand on an equal footing as to their rights, with perhaps some exceptions as to right of support, etc., where the wife may have some preference over the husband. As a result, the rule that the peace and sanctity of the home and family should not be endangered or invaded has lost much of its force and application. The present conception and rule are that a valid legislative act granting to a wife rights which she did not have under the common law does not unduly endanger or tend to destroy the peace or sanctity of the home and family. So the wife now owns and controls her own property and may sell and dispose thereof as she pleases, except as to the homestead and the husband's inchoate interest in other real estate. She has the franchise and may work and vote for candidates and measures directly contrary to her husband's wishes and opinions. She has equal right of control and guardianship over the children of the marriage. Other rights of married women, too numerous here to recite, may be found by reference to 2 Mason Minn. St. 1927, §§ 8616-8623 and §§ 8124, 8162, 8196, 8198, 8735, 8921, 9168, 9551, 9814-1. We do not attempt to cite all the sections applicable. These and other laws passed and amended from time to time ever since this state was organized quite clearly indicate the public policy of the state to be to extend the rights of married women and place them on an equality with their husbands. Most of these laws grant to married women rights they did not have under the common law. That the rights so granted by statute, if claimed under the common law, would, under the unity rule, be held to endanger the peace and sanctity of the family unit, seems apparent. Yet where these rights are given the wife by valid stat-

564

utes, it cannot be held that they unlawfully or materially endanger or interfere with the peace or sanctity of the home and family.

In the present kind of an action there is very little cause to apprehend any danger to or interference with the peace and sanctity of the home or family. The wife is not a party. She may or may not be a witness. She cannot be examined for or against her husband without his consent. National German-Am. Bank v. Lawrence, 77 Minn. 282, 79 N. W. 1016, 80 N. W. 363. How then can the family relation or the home be affected?

The defendant relies to some extent on the fact that, as far as appears, no suit like the present action has come before this court or before any other court. That has some bearing on the question presented, and we assume was duly considered by the trial court. It is far from conclusive against the plaintiff.

■ Defendant suggests, and to some extent argues, that to permit recovery in this kind of an action will encourage perjury and fraud. This claim would seem to be based on the premise that defendant carried liability insurance and that the insurer might be defrauded or prejudiced. There is no direct charge of perjury or fraud. It was not and could not well be an issue in the case. Careful insurers can readily relieve themselves from liability in such cases by their policy contracts.

■ It is urged that the evidence does not sustain any finding that defendant's negligence was the proximate cause of the death of Florence Potthoff, the claim being that prior and up to the time of the accident she suffered from a weak heart, or heart disease, and that the evidence left it in doubt whether her death resulted solely from such disease or from her injuries in the accident as a proximate cause. The evidence was sufficient to justify the jury in finding that the accident was a proximate cause of her death. While decedent, some years before, had suffered from heart trouble, there was evidence that for two or three years before the accident she had worked practically every working day and had been in apparent good health.

■ Two errors assigned on the admission of evidence have reference to answers by plaintiff's medical witnesses as to injuries in

one case and as to causal connection of the accident with the death in the other. It may have been technical error to refuse to strike out the answer of Dr. Nuessle to a question as to whether decedent had a fracture of the skull, the answer being, "It is possible." But the doctor further explained that he came to no conclusion as to whether or not there was any such fracture. He had already testified as to all the injuries he found to the person of decedent, in which no skull fracture was included. He testified that she had a weak heart and that the injuries would, in his opinion, tend to aggravate that condition. The record does not indicate that any claim that there was a fracture of the skull was thereafter made. Plaintiff's other medical expert, Dr. Johnson, who attended the decedent for some time immediately prior to her death, testified that the immediate cause of death was heart failure, and that the shock of the accident and injury helped to bring about the heart condition which caused her death, that the accident and injuries contributed to cause the death. Skull fracture was not included as one of the facts upon which he based his opinion. The jury could not reasonably have been misled or influenced by Dr. Nuessle's testimony as to a possible skull fracture. There was no error in admitting the testimony of Dr. Johnson, now assigned as error.

■ Error is predicated on the admission in evidence of mortality tables, on the ground that decedent was not in average good health at the time of the accident. The evidence indicates that decedent had a weak heart, but it shows that for the three years prior to the accident she had worked regularly in her employment, had no heart illness, and was in apparent good health. We cannot say that the mortality tables did not have some probative value. While apparently not offered for that purpose, the tables were admissible also to show the life expectancy of the mother, then 58 years of age.

■ The damages awarded are claimed to be excessive. The jury awarded $2,800 as damages. At the time of the accident decedent was earning $95 a month as stenographer and clerk in a bank. She was contributing a substantial amount to her mother for family expenses. The damages awarded are not so excessive as to require us to reduce them or grant a new trial.

Judgment affirmed.

566

*STONE, Justice* (dissenting).

We are dealing with a problem of statutory construction. The wrongful death statute, in derogation of common law, is not to be too strictly construed on that account. But its intended scope cannot be determined without study of the whole body of law, common and statutory, existing when it was enacted. Like every other law needing interpretation, it must be considered in application to its subject matter. State ex rel. Hansen v. Walsh, 188 Minn. 412, 247 N. W. 523. In no event is it to be stretched beyond its plain purpose.

The wrongful death statute must be construed with the married women's acts. The latter only *preserve* to a wife the rights which she would have as a *feme sole*. A wife's right to support by husband or children springs from the marriage. A *feme sole* has no such right to be preserved. Hence, under the law of our own decisions, it is only by a much strained construction that we can say that the wrongful death statute *created* a right of action in the wife and against the husband for the death of their child.

Our wrongful death statute simply gave us a new action for an old wrong theretofore unactionable. It falls into precisely the same general category as all actions to recover damages for wrong, particularly those predicated upon negligence. In Green v. Thompson, 26 Minn. 500, 5 N. W. 376, this court properly classified it as for a "pure personal tort." Exactly in accord as to rationale are Bates v. Sylvester, 205 Mo. 493, 104 S. W. 73, 77, 11 L.R.A.(N.S.) 1157, 120 A. S. R. 761, 12 Ann. Cas. 457, and Gilkeson v. Missouri Pac. Ry. Co. 222 Mo. 173, 121 S. W. 138, 24 L.R.A.(N.S.) 844, 17 Ann. Cas. 763. In the former case, the decision of this court in Green v. Thompson, 26 Minn. 500, 5 N. W. 376, and several others were cited with the conclusion, quoted from Davis v. Nichols, 54 Ark. 358, 363, 15 S. W. 880, that "these cases clearly show that the right of the wife to recover damages for the death of her husband is not based upon an injury to property within the meaning of the statute."

It is a mere accident of procedure that the action is prosecuted by the representative of the deceased, as statutory trustee for the

beneficiaries. Sykora v. Case T. M. Co. 59 Minn. 130, 60 N. W. 1008. (Some statutes allow the beneficiary to sue for wrongful death, "and where such is the case the personal representative of the decedent may not sue." 17 C. J. 1269.) So, unless we let form reverse substance, we must consider this case as one by wife against husband. That is demonstrated by the fact that, if the wife's negligence had contributed to the accident, she could not recover. Mattson v. Minnesota & N. W. R. Co. 98 Minn. 296, 108 N. W. 517; Peterson v. Anderson, 183 Minn. 86, 235 N. W. 534. Another test is that a release by the sole beneficiary would discharge the cause of action. Sykora v. Case T. M. Co. 59 Minn. 130, 60 N. W. 1008. Being the sole beneficiary, Mrs. Potthoff must be regarded as the real plaintiff. Hence my submission that the opinion of my brethren of the majority goes wide of the mark in the argument, essential to its conclusion, that "the present action is not brought by the wife * * *. She could not bring the action. Only the representative of the estate of the deceased daughter could do so. The cause of action and right to sue are vested by statute in such representative * * * this is not an action by the wife against her husband, and is not for a tort committed by the husband against the wife."

. That the action is for tort, specifically negligence, no one denies. And, with great deference, I repeat that unless mere form is to contort solid substance, the case must be regarded as one by wife against husband. The cause of action is hers. Only the right to sue is not. That has been put in the representative of the deceased, as a mere precaution to "protect the defendant from the danger of having to pay twice." Sykora v. Case T. M. Co. 59 Minn. 130, 132, 60 N. W. 1008.

In the absence of estrangement between spouses, with or without separation, or a well insured defendant, an action of this kind never will be resorted to. That circumstance has a practical rather than legal significance. But it is important that, where a wife is plaintiff and her husband defendant, she is suing the man primarily liable for her support. Dependency is of the gist of the cause of action. To the extent of the recovery, the defendant will be dis-

abled to perform his legal duty to support the other members of the family dependent on him; that is, one dependent will *pro tanto*, absorb a substantial part of the family fortune—and she will take it away from the one primarily responsible for support of the whole family.

Our statute (2 Mason Minn. St. 1927, § 9657) contains cogent internal evidence that it was not intended to permit an action by spouse against spouse for the wrongful death of their child. It provides that "funeral expenses, and any demand for the support of the decedent, duly allowed by the probate court, shall first be deducted and paid" from the recovery, if any.

If, in such a case as this, wife may sue husband, the latter has the reciprocal right to sue his wife. The statutory rule "applies equally" to the husband. Drake v. Drake, 145 Minn. 388, 390, 177 N. W. 624, 9 A. L. R. 1064. The father is primarily liable both for the support of a minor child and the funeral expenses in case of death. As between a wife and her husband, the former is under no liability. Suppose that this case were reversed and that the husband were suing his wife. If the majority is right, the husband, having paid the funeral expenses, could recover them from the wife. I submit that the express and unqualified statutory authority for recovery of funeral expenses is demonstrative of an intent not to change the law so as to permit an action of this kind by either spouse against the other.

I am as willing as anyone to go as far as reason permits to adapt old law to new conditions. But I cannot join in giving a statute an interpretation which cannot be gathered from its words in application to the subject matter, which always includes the existing law on the subject. Our law always has been and remains that one spouse cannot sue the other for a personal tort. Drake v. Drake, 145 Minn. 388, 177 N. W. 624, 9 A. L. R. 1064; Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L.R.A. (N.S.) 191, 116 A. S. R. 387; Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022. This action in essence is one to recover for such a tort; hence my view that the action does not lie.

I agree with the opinion of the supreme court of Nebraska in Emerson v. Western S. & I. Co. 116 Neb. 180, 216 N. W. 297, 298, 56 A. L. R. 327, reached after a consideration of the very numerous decisions therein cited from other jurisdictions. They show [116 Neb. 184]:

"A great weight of opinion opposed to opening a field of litigation between spouses in tort actions by means of judicial interpretation and without unmistakable legislative action. The procedural difficulties, the dangers of disrupting the secrecy and serenity of marital relations, the avenue for fraud, the startling innovation in permitting such controversies, and the lack of clear legislative indorsement have all been assigned as ample reasons for the refusal of the courts to sanction, by supplying statutory interpretation, a new form of litigation manifestly requiring unequivocal legislation for its existence."

The common law concept of the unity of spouses and their interests, arising from the marriage relation, was not all fiction by any means. It is still very much fact save as to property rights. We ourselves have so preserved it in our criminal law that a wife cannot be guilty of larceny of the chattels of her husband. State v. Arnold, 182 Minn. 313, 235 N. W. 373. The dependency of wife and minor children upon the husband, his right to choose a place of residence for all, and many of its other aspects show that there remains much of unity in the family relation. It is due to that concept and to "avoid commercializing the family relation" that our law forbids a tort action by an unemancipated minor against either parent. Miller v. Pelzer, 159 Minn. 375, 378, 199 N. W. 97, 33 A. L. R. 678.

Another question here suggests itself. If one spouse may sue the other for the wrongful death of a child, it follows irresistibly that a minor child or minor children should be able to sue one parent for the wrongful death of the other. But such an action does not lie. Miller v. Pelzer, 159 Minn. 375, 199 N. W. 97, 33 A. L. R. 678. If the statute were intended to allow spouse to sue spouse for death of an *adult* child, it certainly would not have barred, ex-

plicitly, a similar action for death of a *minor* child. It does bar the latter action in confining the right of recovery for wrongful death to cases where the decedent "might have maintained an action, had he lived." 2 Mason Minn. St. 1927, § 9657.

I think, in any view, it was error to admit testimony of contributions to members of the family other than the mother. It is the husband's duty to support all dependent members of his family. It is not his duty to pay any one of them $2,800, the amount of this verdict, in a lump sum. Yet we now say that, because of the death of a child, he must do just that. Such a result was not intended by the statute and, moreover, is against sound policy. Insurance out of the picture, as it must be from the judicial standpoint, recovery does not enhance the family capital. Rather, it impairs it by the expense of the litigation. Emerson v. Western S. & I. Co. 116 Neb. 180, 216 N. W. 297, 56 A. L. R. 327.

The argument, once advanced here, that the husband's insurer must foot the bill is obviously "not sound nor in the interest of impartial justice." Lund v. Olson, 183 Minn. 515, 516, 237 N. W. 188.

It is for such reasons that I am constrained to dissent.

*LORING, Justice* (dissenting).

I agree with the views expressed by Mr. Justice Stone.