## AMERICAN AUTOMOBILE INSURANCE COMPANY v. ORVILLE MOLLING.[1]

April 2, 1953.

No. 35,775.

[1]Reported in 57 N. W. (2d) 847.

*Freeman, King, Larson & Peterson* and *Robert L. Hoppe,* for appellant.

*Sexton, Tyrrell & Jardine,* for respondent.

LORING, CHIEF JUSTICE.

This is an action for contribution. Defendant in this action, Orville Molling, while driving his automobile, collided with an automobile owned by Alma and Robert Jerred and driven by Darrel Johnson. Defendant's wife, a passenger in her husband's automobile, brought an action for personal injuries against the Jerreds as statutory principals of their driver. This defendant also brought an action against the Jerreds for damages to his automobile, and the Jerreds counterclaimed against him for the damages to their automobile. These actions were consolidated for trial. Defendant's wife recovered a judgment for $2,324.16. The Jerreds recovered a judgment for $499.41 against this defendant.

Plaintiff in this action, as the insurer of the Jerreds, satisfied Mrs. Molling's judgment against the Jerreds. Now, subrogated to the rights of the Jerreds, plaintiff brings this action to compel defendant, as a joint tortfeasor, to contribute to the payment of that judgment, contending that the joint negligence of Mr. Molling was established by the judgment against him in favor of the Jerreds.

In his answer, defendant denied any negligence on his part and further pleaded that, as the husband of Mrs. Molling who had recovered the original judgment, he was immune to any action by her and, consequently, not liable in an action by this plaintiff for contribution. The trial court denied defendant's motion for judgment on the pleadings and sustained a demurrer to defendant's allegation of marital immunity. The allegation denying negligence was stricken on the grounds that the judgment against Mr. Molling in favor of the Jerreds was *res judicata* on that issue.[2] The action

---

[2]There is no error assigned as to this last ruling, and this opinion is not to be construed as passing upon that ruling.

went to trial on the sole issue of whether or not the Jerreds' driver was guilty of wilful negligence and of an intentional and purposeful violation of the statutes, thereby relieving defendant from contribution.[3] A verdict was rendered for plaintiff and judgment entered thereon. Defendant appeals from this judgment. He asks for reversal of plaintiff's judgment, which entails a review of the court's order sustaining plaintiff's demurrer to the paragraphs of the answer alleging marital immunity, and also a review of the order denying defendant's motion for judgment on the pleadings. He asks for direction of judgment in favor of defendant.

It is agreed by the parties that the sole question presented to this court is whether or not a husband whose negligence contributed to the injury of his wife is liable to a joint tortfeasor for contribution to a judgment obtained by the wife against that joint tortfeasor.

It is clear that Mrs. Molling could not have maintained an action against her husband for any injuries received as a result of his negligence, since in this state one spouse cannot maintain a tort action against the other during coverture. Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L.R.A.(N.S.) 191; Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022. And, while the present action is not by the wife against the husband but is brought against the husband by the subrogee of his joint tortfeasor,[4] nevertheless the immunity of the husband from liability to his wife does destroy a necessary element of the action for contribution and, consequently, is a good defense to such an action.

The very essence of the action of contribution is "common liability." Plaintiff admits that this is true as a general statement but insists that such a qualification has developed without regard to its implications and urges that the real basis for the action of contribution is, or should be, the common tortious conduct. Plain-

---

[3]There is no question presented to this court as to whether or not such a finding would be a bar. See, Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945.

[4]See footnote 7, infra, for a case which reasons that, since the contribution action is not between the spouses, the immunity does not bar the action.

tiff urges that the marital immunity does not change the character of the acts and that defendant should be compelled to compensate plaintiff even though he could not be held liable in a suit by the injured party.

An examination of the history of the action for contribution shows that originally the action was not allowed between wrongdoers but was principally resorted to as between sureties. The true basis of this action may be discovered in such applications.

"The doctrine of contribution, * * * is applied to cases where several persons are under a *common liability* to one, when equity will distribute the burden among the obligors in proportion to their respective shares; or when one has already paid the whole, the rest will be forced to contribute ratably to reimburse him *to the extent to which he has discharged the obligation* in excess of what could justly be claimed from him.

\* \* \* \* \*

"Since the right of contribution depends upon the satisfaction, by one of several obligees, of an obligation which would otherwise fall upon all, *it is essential that they be equally bound to one principal* * * *." (Italics supplied.) 2 Beach, Modern Equity Jurisprudence, §§ 822, 824.

"* * * It is a right which accrues to one or more individuals (out of the whole number bound) who pay the debt *for which they are all bound.*" (Italics supplied.) 2 Story, Equity Jurisprudence (14 ed.) § 648.

The old cases point out the need for a legally enforceable right on the part of the injured person against defendant in the contribution action, since, in effect, it was this right that the paying party acquired, and, in absence of such a right and its counter liability, contribution would not lie. As was said by Lord Redesdale in Stirling v. Forrester, 3 Bligh 575, 590, in discussing the duty of *contribution:*

"* * * If several persons are indebted, and one makes the payment, the creditor is bound in conscience, if not by contract, to give

to the party paying the debt all his remedies against the other debtors. The cases of average in equity rest upon the same principle. It would be against equity for the creditor to exact or receive payment from one, and to permit, or by his conduct to cause, the other debtors to be exempt from payment. He is bound, seldom by contract, but always in conscience, as far as he is able, to put the party paying the debt upon the same footing with those who are equally bound." (This is quoted with approval in 2 Beach, Modern Equity Jurisprudence, § 823.)

*It was the benefit of being relieved of an obligation on which equity based the duty to contribute.*

"* * * It is compensation given in equity for removing the common burden, * * *." 1 Puterbaugh, Chancery Pleading and Practice (7 ed.) § 496.

"The claim certainly has its foundation in the clearest principles of natural justice; for as all are *equally bound* and are *equally relieved,* it seems but just that in such a case all should contribute in proportion towards a benefit obtained by all, * * *." (Italics supplied.) 2 Story, Equity Jurisprudence (14 ed.) § 667.

In Minnesota the extension of the action of contribution to allow recovery among joint tortfeasors is not based on any statute which might be interpreted as changing the basis of the action of contribution,[5] but rather it resulted from a judicial extension of the common-law doctrine of contribution. Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320; Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173. Thus, the common-law principles and elements of this action are to be followed and applied. Modern authority has uniformly expressed the opinion that the

[5]See cases collected in Annotations, 85 A. L. R. 1091, 122 A. L. R. 520, and 141 A. L. R. 1207, in which the basis for allowing recovery is a statutory extension of contribution. Much of the conflicting opinion on this subject may result from this difference, since the statutes may be interpreted as putting contribution among joint tortfeasors on a different basis from that of the common-law action.

elements of the common-law action of contribution still apply in the case of contribution among joint tortfeasors.

"* * * the principle of equity on which the right of contribution is founded can apply only in cases where the situations of the parties are equal, for equality among persons whose situations are not equal is not equitable. [Citing cases.] Within the meaning of this rule, the situations of the parties are equal when the parties are under a common burden or liability." (Citing Waldref v. Dow, 172 Minn. 52, 214 N. W. 767.) 18 C. J. S., Contribution, § 3.

It is consistently emphasized that the mere fact that the parties are joint tortfeasors does not give rise to the obligation to contribute. In 13 Am. Jur., Contribution, § 51, we find the rule concisely stated:

"In order for a right of contribution to accrue between tortfeasors, they must be cotort-feasors or joint wrongdoers in the sense that their tort, or torts, imposed a common liability upon them to the party injured. [Citing cases.] *A person compelled to discharge a liability for a tort cannot recover contribution from another whose participation in the tort gave the injured party no cause of action against him.* [Citing cases.]" (Italics supplied.)

Section 52 states:

"The universally recognized requirement that the parties must, in order for a right to contribution to arise, be subjected to a common liability does not mean merely that there must be unity or concert of action between the tort-feasors. [Citing case.] * * *

"* * * *It is only where concurring negligence actually subjects the tort-feasors to a common liability, which it does not always or necessarily do, that there can be contribution.* [Citing case.] If, as a matter of law, the concurring negligence of the party from whom contribution is sought gives the injured party no cause of action against him, the claimant cannot recover contribution, even though such concurring negligence was a proximate cause of the injury. [Citing case.]" (Italics supplied.)

This court has uniformly stated that the elements of common liability and discharge of an obligation are essential to a cause of action for contribution.

"* * * 'Contribution' is defined as a payment made by each, or by any, of several having a *common interest of liability* of his share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others." (Italics supplied.) Canosia v. Township of Grand Lake, 80 Minn. 357, 359, 83 N. W. 346, 347.

"* * * The general rule is that, where two or more persons are jointly, or jointly and severally, bound to pay a sum of money, and one or more of them pays the whole, or more than his or their share, *and thereby relieves the others from their liability,* those paying may recover from those not paying the aliquot proportion which they ought to pay. The persons not paying, *but being relieved from a positive liability by a payment made by others,* who were bound with them, are held to be under an implied promise to contribute each his share to make the whole sum paid." (Italics supplied.) Gugisberg v. Eckert, 101 Minn. 116, 118, 111 N. W. 945, 946.

"Since the payment by a plaintiff of more than his share of a common liability is the basis of an action for contribution, the lack of such *common liability* to the injured person on the part of the parties to the contribution action would logically seem to preclude a right to contribution. 'The thing that gives rise to the liability [for contribution] * * * is that both parties were subject originally to a *common liability,* and one has taken more than his just share of the burden.' D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 418, 236 N. W. 766, 768.

"* * * No recovery could ever have been had by the injured party against him [the defendant to the contribution action]. Hence it would seem to follow that there could never have been a common liability. * * *

* * * * *

"If there is no cause of action arising out of the tort against the person from whom contribution is sought, there can be no resulting right to contribution; * * *.

"* * * sound reason would seem to dictate that where, *as between the injured person and a codefendant, it has been finally adjudicated that there is no liability, an action for contribution will not lie; * * *.*" (Italics supplied.) American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 123, 126, 5 N. W. (2d) 397, 399, 400, 142 A. L. R. 722.

"It is settled law 'that one who is compelled to pay or satisfy the whole or to bear more than his just share of *a common burden or obligation,* upon which several persons are *equally liable* or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares.' [Citing extensive authority.]" (Italics supplied.) Merrimac Min. Co. v. Gross, 216 Minn. 244, 248, 12 N. W. (2d) 506, 509.

Restatement, Restitution, § 86, lays down similar fundamentals:

"A person who has discharged a tort claim to which he and another were subject is entitled to indemnity or contribution from the other in accordance with the rules stated in §§ 76-85, except to the extent that the character of his conduct precludes restitution. "*Comment:*

"*a.* Where one of two persons who are *liable* for a *tort discharges the liability* of both in whole or in part, a situation arises which is within the rules stated in §§ 76-85. * * *

\* \* \* \* \*

"*d.* * * * If, however, suit is not brought by the injured person, and the payor seeks restitution from a fellow tortfeasor, *it is necessary for him to prove that his payment* terminated or reduced a valid claim against the other, * * *." (Italics supplied.)

The complaint in the case at bar bears witness to the universality of this proposition in that it alleges that plaintiff "discharged the obligation of the defendant * * *."

Thus, it has been emphasized that it is the actual discharging of the obligation so as to release the other party from an obligation that gives rise to the right to contribution. See, Township of Canosia v. Township of Grand Lake, 80 Minn. 357, 83 N. W. 346; Hoverson v. Hoverson, 216 Minn. 228, 12 N. W. (2d) 501; In re Estate of Moebius, 231 Minn. 219, 43 N. W. (2d) 104. Without a legally enforceable obligation on the part of defendant in the contribution action there can, of course, be no such release.[6]

It is, then, a good defense to an action for contribution to allege that defendant was never liable to the injured party since he is and was at the time of the accident, the husband of the injured party and hence immune to suit by her, and the trial court erred in sustaining the demurrer to the allegation of marital immunity and in refusing to grant judgment on the pleadings for defendant.

At least, four jurisdictions, including the federal, confronted with a similar problem, have reached a similar result. Yellow Cab Co. of D. C. Inc. v. Dreslin, 86 App. D. C. 327, 181 F. (2d) 626, 19 A. L. R. (2d) 1001; Ackerson v. Kibler, 138 Misc. 695, 246 N. Y. S. 580, affirmed, 232 App. Div. 306, 249 N. Y. S. 629; Norfolk So. R. Co. v. Gretakis, 162 Va. 597, 174 S. E. 841; Zutter v. O'Connell, 200 Wis. 601, 229 N. W. 74; contra, Fisher v. Diehl, 156 Pa. Super. 476, 40 A. (2d) 912. See, Annotation, 19 A. L. R. (2d) 1003.[7]

In Ackerson v. Kibler, *supra,* the New York court of appeals said (232 App. Div. 307, 249 N. Y. S. 630):

"Right to contribution, * * * depends upon the plaintiff having a *cause of action* against the person from whom contribution is

---

[6]This obligation or liability is tested as of the time of the tort. As to later-acquired defenses against the injured party, see Employers Mut. Cas. Co. v. C. St. P. M. & O. Ry. Co. 235 Minn. 304, 50 N. W. (2d) 689. The allegation involved in the case at bar alleges marital relationship "at all times" material to the cause of action.

[7]The one case that can be found which reaches a contrary result is Fisher v. Diehl, 156 Pa. Super. 476, 40 A. (2d) 912, in which the court holds that since the action is not between the husband and wife, the immunity does not bar the contribution action. The case fails to discuss the "common liability" element of the action of contribution.

sought. * * * The plaintiff never had a cause of action against her husband, * * *. There was, therefore, no right of action in favor of the plaintiff and against the defendant * * * [husband] to which a right of contribution could attach." (Italics supplied.)

In the same case the court said (138 Misc. 696, 246 N. Y. S. 582):

"Under the law as it now stands, a defendant cannot enforce contribution from any person not liable to the plaintiff for damages."

In Norfolk So. R. Co. v. Gretakis, 162 Va. 597, 600, 174 S. E. 841, 842, the supreme court of Virginia said:

"* * * [The code] gives a right of contribution only where the person injured has a *right of action* against two persons for the same indivisible injury. Though the concurring negligence of two persons may have resulted in an indivisible injury to a third, if the third person has a cause of action against only one of them, that one cannot enforce contribution from the other. The statute allowing contribution does not create any greater liability than existed before its enactment."

In Zutter v. O'Connell, 200 Wis. 601, 607, 229 N. W. 74, 76, the supreme court of Wisconsin said:

"* * * the right of contribution does not spring from concurring negligence. A common liability is the first essential for contribution. * * * In the absence of a common liability there can be no contribution. * * * therefore, if and when * * * [the original defendant] paid the judgment, [he] discharged no part of * * * [this defendant's] liability, which must be the basis of a right to contribution from * * * [this defendant]."

In Yellow Cab Co. of D. C. Inc. v. Dreslin, 86 App. D. C. 327, 328, 181 F. (2d) 626, 627, 19 A. L. R. (2d) 1001, the federal court of appeals, for the District of Columbia, said:

"The right of contribution arises out of a common liability. The rule 'hinges on the doctrine that general principles of justice require that in the case of a common obligation, the discharge of it by one of the obligors without proportionate payment from the

other, gives the latter an advantage to which he is not equitably entitled.' [Citing case.] Contribution, then, depends upon joint liability. An injured party plaintiff in the suit from which a right of contribution develops must have had a cause of action against the party from whom contribution is sought. Here there was no liability by Dreslin to his wife,—no right to action against him *and the Cab Co.,* hence nothing to which a right of contribution could attach.

"The argument that it would be inequitable to allow Mrs. Dreslin to be 'enriched' at the sole expense of the Cab Co., permitting her husband, equally at fault, to escape any of the burden, overlooks the fact that preservation of domestic peace and felicity is the policy upon which the rule of immunity between husband and wife is based."

Plaintiff argues the "injustice" of defendant's not being held responsible for half the damages when his tortious conduct was one of the causes of the injury. Apparently, plaintiff does not quarrel with the rule that its insured is totally responsible to the injured party in the first instance but does maintain that there should be some way in which it could recover a part of the payment from defendant here. However, for the court to reach such a result, one of two things would have to be done—either the doctrine of husband-and-wife immunity would have to be abrogated, or the basis of the action of contribution, as set out above, would have to be changed.

Plaintiff cites two Minnesota cases which it contends substantially modify the doctrine of husband-and-wife immunity and are authority for allowing recovery here.

In Miller v. J. A. Tyrholm & Co. Inc. 196 Minn. 438, 265 N. W. 324, it was held that a wife could recover from a statutory principal for a tort committed against her by her husband as the principal's agent. This case did not involve the liability of the husband to the wife and was not a case of the wife suing the husband. The holding was largely based on the policy behind the statute establishing the agency relationship. In the Miller case, there was language quoted from a foreign jurisdiction to the effect that the principal could,

in turn, recover from the husband the amount he would be compelled to pay the wife. It was pointed out, however, that such recovery would be based on the husband's breach of his independent duty of diligent and careful service to the principal and not on any basis of subrogation or other derivative right. The case at bar is not based on any independent breach of duty on the part of the husband, if such there be. Recovery here is sought solely on the basis of contribution to the payment of the original judgment. As emphasized previously, by the very nature of the action of contribution, the right of a party to recover in this action is dependent upon the existence of a certain relationship between defendant to this action and a third party, viz., liability. In this sense, the action of contribution is not an independent action but is derived from and dependent upon the separate liability of defendant to the injured party. Thus where that liability has been legally determined, or legally cannot exist, a cotortfeasor who has fully paid the injured party is bound by that determination or rule. Of course, where there has been no determination of such liability between the injured party and the person against whom contribution is sought, a cotortfeasor who pays the injured party for his total damages then may prove that such liability would exist.

In Albrecht v. Potthoff, 192 Minn. 557, 257 N. W. 377, 96 A. L. R. 471, it was held by a divided court that an administrator could maintain an action for wrongful death against the father of the decedent, even though the sole beneficiary of the proceeds would be the wife of defendant. It was clearly pointed out in that case that it was not an action by the wife against the husband nor was it brought to recover for a tort by the husband against the wife. The case at bar, however, involves a liability between the husband and wife for a tort by the husband against the wife, so that the marital immunity does prevent such a liability from arising. While there was language in the Albrecht case to the effect that this court did not look with favor upon the extension of marital immunity to the point presented therein, the decision in that case in no way modified the basic immunity doctrine which has the effect of de-

stroying the liability that would be necessary to the instant cause of action for contribution.

It is not for the courts to change or modify the well-established doctrine of marital immunity. Although that doctrine originated in the common law and was perpetuated by the courts (Albrecht v. Potthoff, *supra*), it is as much a part of our law as if it were statutory and cannot now be repudiated by the judiciary. See, Congdon v. Congdon, 160 Minn. 343, 200 N. W. 76; Jung v. St. Paul Fire Dept. Relief Assn. 223 Minn. 402, 27 N. W. (2d) 151. The question presented in the case at bar does not call for an extension of the doctrine but simply for an application of its well-established principles.

Nor could this court change the fundamental requirements of the action of contribution to allow recovery on the basis of the joint tortious conduct rather than on the basis of "common liability," even if it were convinced of the merits of such a change. As stated in the Jung case (223 Minn. 405, 27 N. W. [2d] 153):

"While the common law is flexible and adaptive, and may be applied to new conditions, the courts cannot abrogate its established rules any more than they can abrogate a statute."

See, 3 Dunnell, Dig. (3 ed.) § 1504. In Congdon v. Congdon, 160 Minn. 362, 200 N. W. 82, *supra,* the court said:

"* * * it is the province of the legislature and not of the court to modify the rules of the common law."

See, 3 Dunnell, Dig. (3 ed.) § 1503.

The rule of "common liability" is fundamental in the action for contribution, and such it shall be until changed by the legislature. It is not for the courts to make, amend, or change the law, but only to apply it. United States v. Consolidated Elev. Co. (8 Cir.) 141 F. (2d) 791; Anderson v. Federal Cartridge Corp. (D. C.) 62 F. Supp. 775, affirmed (8 Cir.) 156 F. (2d) 681; see, Stabs v. City of Tower, 229 Minn. 552, 40 N. W. (2d) 362; cf. Johnston v. Tourangeau, 193 Minn. 635, 259 N. W. 187. The very fact that this limitation has been clearly declared by this court to be a condition

to the recovery in contribution makes it mandatory that we adhere to it. A decision has been made on the matter, and the doctrine of *stare decisis* compels us to follow our previous decision in the absence of manifest error. See, Melin v. Aronson, 205 Minn. 353, 285 N. W. 830. We can find no such error in the previous rulings on this matter.

Therefore, the court erred in sustaining the demurrer to the allegation of marital immunity and in denying the defendant's motion for judgment on the pleadings.

The judgment appealed from is reversed with direction to enter judgment for defendant.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.