# Richmond

AMY JO WRIGHT, AN INFANT, ETC. v. CHARLES KENNETH
WRIGHT, ETC.

September 1, 1972.

Record No. 7841.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Dale Myers*, for plaintiff in error.

*James F. Johnson (Woods, Rogers, Muse, Walker & Thornton,*
on brief), for defendant in error.

I'ANSON, J., delivered the opnion of the court.

Plaintiff, Amy Jo Wright, a five-year-old unemancipated child,
by her mother and next friend Betty S. Wright, filed a motion for
judgment against her father, Charles Kenneth Wright, to recover
for personal injuries allegedly caused by the father's negligence. The
motion alleged that the father, a general contractor, maintained a
storage shed in the yard surrounding his home, which shed he used
for business purposes; that the father placed several damaged metal
awnings with sharp, jagged edges in the yard near the storage shed;
that the awnings were dangerous instrumentalities, and the father
knew or should have known that they could cause injury to the plain-
tiff and other children who customarily played in the yard; and that
while plaintiff, who was three years old at the time, was playing in
the yard she "fell upon or against" one of the awnings and suffered
an injury to her left eye.

The father filed a demurrer to the motion for judgment on the grounds (1) that the child could not maintain this action against him because of the parental immunity doctrine in tort actions; and (2) that the awnings, on the face of the motion for judgment, did not constitute dangerous instrumentalities.

In the argument on the demurrer, as well as before us, counsel for plaintiff stated that the father was insured and contended that the parental immunity doctrine either should not be applied under the allegations in the motion for judgment or that the doctrine should be abrogated in its entirety.

The trial court sustained the demurrer, and, there being no request for leave to amend, dismissed the motion for judgment. We granted plaintiff a writ of error.

In 1934 we adopted the doctrine that an unemancipated child cannot maintain an action against his or her parent to recover for personal injuries resulting from an ordinary act of negligence on the part of the parent. *Norfolk Southern* v. *Gretakis*, 162 Va. 597, 600, 174 S.E. 841, 842 (1934). Briefly stated, the basis of the doctrine is to protect parental discipline, domestic felicity, and family tranquility. See *Worrell* v. *Worrell*, 174 Va. 11, 19, 4 S.E.2d 343, 346 (1939); Annotation: 41 A.L.R.3d 904, 927-40 (1972).

At the same time that we adopted the parental immunity doctrine in *Gretakis* we recognized as exceptions to the doctrine that an *emancipated* child can maintain a tort action against his parent;[1] that an unemancipated child may sue his parent where a master-servant relationship exists between them; and that an unemancipated child may sue his father's master for injury resulting from the servant-father's negligence. 162 Va. at 600, 174 S.E. at 842.

In *Worrell, supra*, we held that an unemancipated child injured while a passenger on a bus operated by her father as a common carrier, and driven by one of his employees, could maintain an action against the father. There we said that the relation of parent and child was purely incidental to the child's status as passenger of a common carrier; that the statutes of this State provided for compulsory insurance to indemnify passengers of common carriers for damages sustained; and that since the negligence was occasioned by the act of a servant in the service of his master, the action was derivative. 174 Va. at 26-27, 4 S.E.2d at 349-50.

---

1. See also *Brumfield* v. *Brumfield*, 194 Va. 577, 580, 74 S.E.2d 170, 173 (1953).

In *Smith* v. *Kauffman, Adm'r*, 212 Va. 181, 186, 183 S.E.2d 190, 194 (1971), we carved out another exception to the doctrine. There a seven-year-old child brought an action against her stepfather's estate to recover for injuries suffered in an automobile accident which was allegedly caused by the negligence of the stepfather. In holding that the child could maintain the action, we said:

> "The very high incidence of liability insurance covering Virginia-based motor vehicles, together with the mandatory uninsured motorist endorsements to insurance policies, has made our rule of parental immunity anachronistic when applied to automobile accident litigation. In such litigation, the rule can be no longer supported as generally calculated to promote the peace and tranquility of the home and the advantageous disposal of the parents' exchequer." 212 Va. at 185, 183 S.E.2d at 194.

In the case at bar plaintiff's allegation that the father was negligent in placing the awnings in the yard bespeaks only his failure to discharge the normal parental duty of supervising and providing a safe place for the child to play. Thus the alleged negligence was incident to the parental relationship of the father with his unemancipated child, and not to a business or vocational relationship.

The allegations in plaintiff's motion for judgment do not fall within any exceptions to the parental immunity doctrine which we have previously recognized. Her allegations do not establish the business or vocational relationship essential to the *Worrell* exception, and the *Smith* exception was limited to actions brought for damages sustained in motor vehicle accidents.

We are unwilling to further abrogate the doctrine on the basis of plaintiff's allegations and under the circumstances of this case.

Having concluded that plaintiff was precluded from maintaining this action by the parental immunity doctrine, which was the first ground of the demurrer, it is unnecessary to consider the other ground relied upon by the father.

For the reasons stated, the action of the trial court in sustaining the demurrer is

*Affirmed.*