## CIRCUIT COURT OF ALBEMARLE COUNTY

Lewis Preston Thomas, III, an infant,
by Katherine Thomas, his mother and next friend,
and Katherine Thomas, individually

v.

Rose Marie Grupp

August 29, 1986

Ended File No. 3003-L

By JUDGE E. GERALD TREMBLAY

The issues with regard to the resolution of the plaintiff's demurrer are as follows:

1. In Virginia, is a parent liable to its unemancipated child for injury suffered by the child as a result of negligent supervision by the parent?

2. If the above issue is answered in the affirmative, does a person who has been found liable for the injury to the child have a right of contribution from the negligent parents?

The Court is relying on the authority in *Wright v. Wright*, 213 Va. 177 (1972), as a basis for its decision. The unemancipated child in that case sued her father for negligent supervision charging that the father had allowed her to play in the area where there were some dangerous instrumentalities.

The father filed a demurrer to the child's motion for judgment on two grounds, one of which was that the child could not maintain the action against him because of the parental immunity doctrine in tort actions. The trial court sustained the father's demurrer. The sustaining of the demurrer was affirmed by the Supreme Court.

In *Wright* the Court said that in 1934 it had adopted the doctrine that an unemancipated child cannot maintain

an action against its parents to recover for personal injuries resulting from an ordinary act of negligence on the part of the parent. The Court pointed out several exceptions to parental immunity, none of which applies to the case at bar.

Under the circumstances of this case as set forth in the pleadings, an unemancipated child cannot maintain an action against its parents to recover for personal injuries resulting from their negligent supervision. Therefore, it follows that if the parents are immune from suit by their child that there is no duty of contribution by the parents to Rose Marie Grupp if she is found liable for injuries to Lewis Preston Thomas, III.

The demurrer to the Third Party Motion for Judgment and Counter-Claim filed against the parents of the infant plaintiff is sustained.