LOUISE ACKERSON, Plaintiff, *v.* ALBERT KIBLER and Others, Defendants.

Supreme Court, Genesee County, January 3, 1931.

*Kennedy & Chamberlain* [*Milton L. Baier* of counsel], for the motion.

*John D. Sullivan*, opposed.

NOONAN, J. On September 1, 1930, about ten o'clock P. M., the plaintiff was riding with her husband, the defendant Duane O. Ackerson, in an automobile owned and operated by him, in a westerly direction along the northerly side of the so-called Batavia-Bergen highway in Genesee county, N. Y., and the defendant Kibler was driving his car easterly along the same road, and there was a collision between the two automobiles.

The plaintiff later started an action for damages against Kibler, claiming that his negligence was the sole cause of said collision, but Kibler alleges in his answer that he was not careless and that the collision was caused by the negligence of said Duane O. Ackerson

and one Everitt Shamp, who appears to have been driving ahead of the Ackersons and on the same side of the road.

After serving his answer, Kibler obtained an order pursuant to section 193, subdivision 2, of the Civil Practice Act, bringing in said Shamp and Ackerson as parties defendant, and thereafter a supplemental summons and pleading were served upon Ackerson, in whose behalf a motion has been made to set aside said supplemental summons and pleading upon the ground that said supplemental pleading does not state a cause of action against him, and upon the further ground that the wife cannot maintain an action against her husband for damages for injuries caused by his negligence.

From the affidavit of Kibler, upon which the order bringing in the additional parties was granted, it appears that he may be able to prove that Shamp and Ackerson are joint or concurrent tort feasors; therefore, the order was properly granted as to Shamp (*Haines* v. *Bero Engineering Construction Corp.*, 230 App. Div. 332), but another rule of law affects the validity of the order bringing in Ackerson as a party defendant, as he is the husband of the plaintiff, and it has always been the law in this State that a wife cannot maintain an action against her husband for damages suffered by reason of his wrongdoing. (*Freethy* v. *Freethy*, 42 Barb. 641; *Longendyke* v. *Longendyke*, 44 id. 366; *Schultz* v. *Schultz*, 89 N. Y. 644; *Abbe* v. *Abbe*, 22 App. Div. 483; *Perlman* v. *Brooklyn City R. R. Co.*, 117 Misc. 353; 202 App. Div. 822; *Newton* v. *Weber*, 119 Misc. 240.) This ancient rule has not been abrogated by section 57 of the Domestic Relations Law. (*Allen* v. *Allen*, 246 N. Y. 571, 574; *Schubert* v. *Schubert Wagon Co.*, 249 id. 253.)

Section 211-a of the Civil Practice Act does not create any new rule of liability binding upon the defendant Ackerson. In *Haines* v. *Bero Engineering Construction Corp.* (*supra*) the court says: " The legislative purpose in the enactment of section 211-a was to modify the ancient rule of law (See *Peck* v. *Ellis*, 2 Johns. Ch. 131) under which there was no contribution between joint tort feasors who were *in pari delicto*."

Under the law as it now stands, a defendant cannot enforce contribution from any person not liable to the plaintiff for damages. Therefore, the motion to dismiss the supplemental summons and pleading as to the defendant Ackerson must be granted, with ten dollars costs, and an order may be entered accordingly.