## Wytheville

### Norfolk Southern Railroad Company v. Manuel Gretakis.

June 14, 1934.

Present, Campbell, C. J., and Epes, Hudgins, Gregory, and Browning, JJ.

The opinion states the case.

*James G. Martin,* for the appellant.

*Williams, Loyall & Taylor,* for the appellee.

EPES, J., delivered the opinion of the court.

The Norfolk Southern Railroad Company filed its bill in chancery against Manuel Gretakis in which it makes the following allegations:

Gretakis was driving his automobile when it came into collision with an electric car of the Norfolk Southern Railroad Company at a grade crossing in Princess Anne county. The collision was caused by the concurring negligence, without moral turpitude, of both parties. Gretakis was "guilty of the greatest negligence in causing said collision, to-wit: ninety per cent of the total negligence being chargeable against" him. As a result of the collision Gretakis' infant daughter, who was riding in his automobile with him, was injured. She, suing by her father as her next friend, brought her action against the Norfolk Southern Railroad Company to recover for the personal injuries she received, and recovered a judgment against it for $1,500, with interest and costs, all of which it has paid. "Gretakis is fully covered by liability insurance by a solvent insurance company against all liability for such accidents as occurred in this case, * * * and any judgment or decree herein will be paid by that company, which will save Manuel Gretakis entirely harmless."

While the bill does not in terms allege that Gretakis was guilty of gross negligence for which he would have been

liable to a guest (see *Boggs* v. *Plybon,* 157 Va. 30, 160 S. E. 77, and *Thomas* v. *Snow, post,* p. 654, 174 S. E. 837), we treat it as so alleging.

The prayer of the bill is "that Manuel Gretakis may be * * * compelled to contribute and to pay it [the Norfolk Southern Railroad Company] nine-tenths of the amount which it has had to pay for said judgment, or such part thereof as under the facts and the law it is proper that he should contribute."

The bill is filed under section 5779, Code Va. 1919, which reads as follows: "Section 5779. When contribution among wrongdoers enforced. — Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude."

Gretakis demurred to the bill on the following grounds:

"(1) The bill shows on its face that the complainant is seeking contribution for money paid to his infant daughter. That an infant daughter cannot sue her parent and there can be no contribution.

"(2) That there was no common liability on the Norfolk Southern Railroad Company and Manuel Gretakis to Mary Gretakis.

"(3) The bill does not allege any equitable jurisdiction, there being an adequate remedy at law.

"(4) There is no jurisdiction in equity to enforce section 5779, Code of Virginia.

"(5) That even in a case where contribution is proper, under section 5779, Code of Virginia, the complainant is only entitled to recover one-half of the amount paid."

The court sustained the demurrer and there being no request for leave to amend, dismissed the bill. From this decree Norfolk Southern Railroad Company has appealed.

In the view which we take of this case we deem it unnecessary to, and do not, pass upon any of the questions raised by the demurrer, except those raised in ground number one. The court was correct in sustaining the demurrer on this ground.

██ According to the great weight of authority an unemancipated minor child cannot sue his or her parent to recover for personal injuries resulting from an ordinary act of negligence. 20 R. C. L. 36; 31 A. L. R. 1157, note; 42 A. L. R. 1363, note; 52 A. L. R. 1123, note; 71 A. L. R. 1071, note; and cases cited in *Schneider* v. *Schneider,* 160 Md. 18, 152 Atl. 498, 72 A. L. R. 449.

██ Section 5779, Code Va. 1919, gives a right of contribution only where the person injured has a *right of action* against two persons for the same indivisible injury. Though the concurring negligence of two persons may have resulted in an indivisible injury to a third, if the third person has a cause of action against only one of them, that one cannot enforce contribution from the other. The statute allowing contribution does not create any greater liability than existed before its enactment. See in this connection, *Consolidated Coach Corp.* v. *Burge,* 245 Ky. 631, 54 S. W. (2d) 16, 85 A. L. R. 1086; *Ackerson* v. *Kibler,* 138 Misc. 695, 246 N. Y. S. 580.

██ The fact that the father carried accident liability insurance does not create any liability against the father, which would not exist were he uninsured. *Schneider* v. *Schneider,* 160 Md. 18, 152 Atl. 498, 72 A. L. R. 449.

This case is readily distinguishable from those cases in which the father has emancipated a minor child or has assumed to him, independent of the relation of father and child, the relation of a master to a servant, and from those cases in which an infant has been permitted to recover against the master of his father for the negligence of his father. For cases of these types see *City of Danville* v. *Howard,* 156 Va. 32, 157 S. E. 733; *Dunlap* v. *Dunlap,* 84 N. H. 352, 150 Atl. 905, 71 A. L. R. 1055; *Chase* v. *New Haven, etc., Corp.,* 111 Conn. 377, 150 Atl. 107, 68 A. L. R. 1497. See, also, *Poulin* v. *Graham,* 102 Vt. 307, 147 Atl. 698; *Schubert* v. *August Schubert Wagon Co.,* 249 N. Y. 253, 164 N. E. 42, 64 A. L. R. 293; Va. Law Rev., May 1933, pp. 730-735.

*Affirmed.*