George H. DRUMGOOLE and Roger P. Blatter, Plaintiffs,

v.

VIRGINIA ELECTRIC & POWER COMPANY, Defendant and Third Party Plaintiff (UNITED STATES of America, Third Party Defendant).

Civ. A. No. 1694.

United States District Court
E. D. Virginia,
Alexandria Division.

March 5, 1959.

Hyman J. Cohen, Arlington, Va. for plaintiff.

Lewis T. Booker (Hunton, Williams, Anderson, Gay, Moore & Powell), Richmond, Va., Armistead L. Boothe, Alexandria, Va., for Virginia Electric & Power Co.

A. Andrew Giangreco, Asst. U. S. Atty., Alexandria, Va. (John M. Hollis, U. S. Atty., Norfolk, Va.), for United States.

ALBERT V. BRYAN, District Judge.

The third party complaint of the defendant should, as moved by the Government, be dismissed. Plaintiffs in this action were members of the enlisted reserve of the United States Army; they sue the Virginia Electric & Power Company for injuries attributed to the negligence of that defendant while plaintiffs were on active training duty and in the performance of military services. For all sums that may be adjudged against the defendant, the impleading complaint seeks contribution or indemnity from the United States. The motion to dismiss is grounded on the postulate that the United States would not, in the circumstances, be suable by the plaintiffs, and ergo, it is not answerable in contribution or indemnity.

■ Clearly, the Federal Tort Claims Act, on which the defendant stakes its case, comprehends claims by way of contribution or indemnity. 28 U.S.C.A. §§ 1346(b), 2674; United States v. Yellow Cab Co., 1951, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523. Likewise, it is now decided that the Government is not liable under the statute for injuries to servicemen suffered in their work. Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. This, we are satisfied, includes the enlisted reserve when in training. But, the Act does impose liability upon the United States in "tort claims, in the same manner and to the same extent as a private individual under like circumstances". 28 U.S.C.A. § 2674. This provision is the main dependence of the defendant.

■ Its claim, urges the defendant, is not a derivative of the soldiers' rights. Neither in contribution nor in indemnity, says the Company, is the claim founded on subrogation. Hence, the third party pleading, it continues, is not subject to the defenses incident to the servicemen's claims—that it presses a distinct and independent liability, one chargeable upon every "private individual under like circumstances". But this is not wholly sound. Save in collision situations in admiralty—the right to contribution or indemnity for damages, paid by one ship for personal injuries, there arises by law from the collision alone upon mutual fault—neither contribution nor indemnity may succeed without the support of the initial negligence. The North Star, 1882, 106 U.S. 17, 20, 1 S.Ct. 41, 27 L.Ed. 91; McLaughlin v. Siegel, 1936, 166 Va. 374, 185 S.E. 873, 874; McKay v. Citizens Rapid Transit Co., 1950, 190 Va. 851, 59 S.E.2d 121, 124, 20 A.L.R.2d 918; George's Radio v. Capital Transit Co., 1942, 75 U.S.App.D.C. 187, 126 F.2d 219, 220; United States v. Savage Truck Line, 4 Cir., 1953, 209 F.2d 442, 446, 44 A.L.R.2d 984, certiorari denied 347 U.S. 952, 74 S.Ct. 677, 98 L.Ed. 1098.

■■ This principle is fatal to the defendant here. Virginia, while permitting contribution between co-tortfeasors, withholds it as against a joint offender who cannot in law be forced to answer to the plaintiff for his negligence. 1950 Code, § 8–627; Norfolk Southern R. Co. v. Gretakis, 1934, 162 Va. 597, 174 S.E. 841. Indemnity, likewise, in the same circumstances would be withheld. A pri-

ori, as the claimed contribution and indemnity must depend for success upon the alleged negligence of the Government towards the plaintiffs, and that is a negligence which is not actionable, the claim must fail.

But more, the Act throughout limits its grace to claims "caused by the negligent or wrongful act or omission" of the Government and to "tort claims". 28 U.S.C.A. §§ 1346(b) and 2674. Thus, the defendant Company has no right at all under the Federal Tort Claims Act if, as it asserts in argument, the contribution and indemnity is wholly distinct and independent of the original wrong, negligence or tort.

The United States Attorney will within 15 days present an order dismissing the third party complaint, first submitting the order to defendant's counsel for consideration as to form. Costs will go against the defendant.