Robert A. MAHONE

v.

McGRAW–EDISON COMPANY

v.

W. L. WACHTER ELECTRICAL CON-TRACTOR, INCORPORATED
and
City of Richmond, Virginia.

No. 4472.

United States District Court
E. D. Virginia,
Richmond Division.

Jan. 4, 1968.

Lewis T. Booker, Richmond, Va., for plaintiff.

J. W. Morris, III, Richmond, Va., for McGraw-Edison.

Edward A. Marks, Jr., Richmond, Va., for Wachter and City of Richmond.

Frank B. Miller, III, Richmond, Va., for third-party defendants.

## MEMORANDUM

MERHIGE, District Judge.

In October of 1965, the plaintiff, Robert A. Mahone, brought suit against McGraw-Edison Company alleging amongst other things that the said McGraw-Edison Company had supplied, at the request of the W. L. Wachter Electrical Contractor, Incorporated company, a defective switch activator assembly, and had negligently and defectively manufactured and assembled same, and was guilty of a breach of warranty, and that as a consequence thereof the plaintiff, then an employee of W. L. Wachter Electrical Contractor, Incorporated, had been seriously and permanently injured. Thereafter, the then defendant, McGraw-Edison Company, filed a motion to dismiss the complaint and simultaneously filed an answer to said complaint.

In September of 1966, after discovery procedures were utilized by the plaintiff, McGraw-Edison, by leave of Court, filed a third party complaint against the instant third party defendants, W. L. Wachter Electrical Contractor, Incorporated, and City of Richmond, Virginia, a municipal corporation.

Thereafter, Wachter filed a motion to dismiss on the grounds that the original plaintiff, Robert A. Mahone, had an exclusive remedy against Wachter controlled by the Virginia Industrial Commission Workmen's Compensation Act. The City of Richmond filed its motion to dismiss contending that no allegation had been made of any duty owed by the City of Richmond to the plaintiff or the third party plaintiff, the breach of which would make the City liable, and in addition thereto that the plaintiff had failed to give the notice required under the law.

In March of 1967, by leave of Court, the third party defendants filed their joint answer to the third party complaint alleging that the City of Richmond, in the operation, maintenance and control of the Westover Hills Athletic Field (where the injury to Mahone occurred) by the City of Richmond, was performing in its governmental capacity and hence immune from liability in this instance. In addition, Wachter claimed immunity from liability on the grounds that they were at all material times acting as the agent of the City and that the City's alleged protection under its governmental function extended to Wachter. Both Wachter and the City maintained that the original plaintiff had an exclusive remedy under Virginia's Workmen's Compensation Act of which he had availed himself. In its answer the City once again reiterated its contention that both the plaintiff and the third party plaintiff had failed to comply with the requirement of notice concerning the alleged accident.

Subsequent thereto, the plaintiff and the defendant, McGraw-Edison, represented to the Court that all matters in dispute between the plaintiff, Mahone, and McGraw-Edison, had been compromised and settled, and the plaintiff's claim against McGraw-Edison was Dismissed Agreed without prejudice to the rights of the parties in reference to the third party plaintiff and third party defendants.

The Court heard oral arguments and received memorandums of law from both

the third party plaintiff and the third party defendants, the parties having filed a stipulation of fact.

■ The Court having considered all of the matters heretofore referred to, concludes that in contracting with the W. L. Wachter Electrical Contractor, Incorporated, the City of Richmond was in fact performing a governmental function, and as a consequence thereof is exempt from liability under the theory of sovereign immunity. See City of Lynchburg v. Peters, 156 Va. 40, 157 S.E. 769 (1931); 18 McQuillin, Municipal Corporations, § 53.114 (3d ed. 1950).

■ Counsel for the third party plaintiff urges that the doctrine of sovereign immunity is inapplicable by virtue of the case of Hoggard v. City of Richmond, 172 Va. 145, 200 S.E. 610 (1939). There, the Supreme Court of Appeals of Virginia ruled under the facts of that case that the operation of a recreational facility, to-wit: a swimming pool, was a proprietary function. As stated in that case, the underlying test is whether the act is for the common good of all without the element of special corporate benefit, or pecuniary profit. If it is, there is no liability. If it is not, there may be liability. Although in view of Virginia Code § 3032(a) (Michie, Cum. Supp.1940) the Court's statement that under the facts of the instant case as contained in the stipulation, the instant case differs from the Hoggard case may be a gratuitous and superfluous statement, the Court feels that there is a distinction. A reading of all the cases cited by each of the parties leads the Court to the conclusion that the case law of Virginia today is such as to sustain the Court's finding that the City of Richmond was performing a governmental function. However, in addition, Virginia Code Ann. § 3032(a) (Michie, Cum.Supp. 1940), supra, expressly insulates cities and towns from liability in the operation of "any bathing beach, swimming pool, park, playground or other recreational facility * * *" where simple negligence is the basis of the cause of action.

See Va.Code Ann. § 15.1–291 (1964). It is therefore apparent that the decision in the Hoggard case is not controlling of the instant issue.

■ On the basis of the record before the Court, the Court finds that Wachter performed its duties for the City of Richmond as an independent contractor, and as such is not clothed with the sovereign immunity covering the city. See Elizabeth River Tunnel District v. Beecher, 202 Va. 452, 117 S.E.2d 685, 690 (1961); Green and Company v. Thomas, 205 Va. 903, 140 S.E.2d 635 (1965). The defendant, Wachter, apparently agrees with the Court's conclusions in this regard as evidenced by their memorandum filed November 27, 1967.

The Court having found, as heretofore stated in reference to the City of Richmond, it is unnecessary to raise the question of whether proper notice had been given to the City of Richmond, there remains, however, the fact that the third party plaintiff alleges in its complaint that if it is held liable to Mahone, Wachter's employee, McGraw-Edison Company, third party plaintiff, "will be entitled to complete and full indemnity and/or exoneration, and/or contribution in an action as third party plaintiff against" Wachter and the City of Richmond.

■■ As between joint tort feasors, contribution is allowable for a mere act of negligence not involving moral turpitude. See Va.Code Ann. § 8–627 (1957). At common law contribution was not permitted amongst joint tort feasors, and in Virginia the right of contribution is now controlled by the aforementioned code section. The right of contribution, however, is withheld against a joint tort feasor who cannot in law be forced to answer to a plaintiff for his alleged negligence. See Moretz v. General Electric Company, 170 F.Supp. 698 (W.D.Va. 1959). See also, Norfolk and Southern R. R. Co. v. Gretakis, 162 Va. 597, 174 S.E. 841, 842 (1934). The same principle has been held applicable to claims of indemnity. Drumgoole v. Virginia Elec-

tric & Power Co., 170 F.Supp. 824, 825 (E.D.Va.1959). Exoneration and indemnity simply stated, comes about when one secondarily liable has to pay and then comes back to the party primarily responsible. More technically, exoneration has been defined as the right to be reimbursed by reason of having paid that which another should be compelled to pay, and is generally based upon contract, express or implied. Uptagrafft v. United States, 315 F.2d 200, 203 (4th Cir. 1963).

 The third party plaintiff cites as authority for the proposition that even though a particular defendant may be protected from liability at the hands of a particular plaintiff by virtue of the Workmen's Compensation Act, such defense would not extend to a case in which a claim is submitted for contribution or indemnity by another defendant, the United States Supreme Court case of Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1955). The third party plaintiff, however, overlooks the fact that the Court in that instance stated that the complaint was based upon a contract to indemnify. As the Court in that case said, "The third-party complaint is grounded upon the contractor's breach of its purely consensual obligation owing to the shipowner to stow the cargo in a reasonably safe manner". 350 U.S. at 131, 132, 76 S.Ct. at 236. The third party plaintiff, in the instant case, does not allege nor contend any contract, either express or implied, existed with either of the third party defendants. The matter boils down to whether or not the original plaintiff, Mahone, had a right to recovery against either third party defendant, for as his rights go, so go the rights, if any, of McGraw-Edison. Mahone, an employee of Wachter at the time of his injury, has received benefits from Wachter and its insurer under the Workmen's Compensation Act of Virginia. Va.Code Ann. § 65–37 (1949) provides that the rights and remedies granted to an employee under that Act "shall exclude all other rights and remedies of such employee." It is apparent, therefore, that Mahone has no right to sue his employer, Wachter, for damages. Insofar as contribution is concerned, the third party plaintiff's rights are barred under the *Gretakis* theory. There being no contract between McGraw-Edison and the third party defendants, there is no theory under which the third party plaintiff could recover from the third party defendant, Wachter.