Teddy JENNINGS, Plaintiff,

v.

**FRANZ TORWEGGE MACHINE WORKS,**

and

**Garrison Machinery Company, Inc., Defendant,**

and

**Vaughan Furniture Company, Inc., Third-Party Defendant.**

**Civ. A. No. 70–C–13–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Sept. 6, 1972.

S. D. Roberts Moore, Roanoke, Va., for plaintiff.

Bradley Roberts, Bristol, Va., for Franz Torwegge Machine and Garrison Machinery Co., Inc.

Robert E. Glenn, Roanoke, Va., for Vaughan Furniture Co., Inc.

## OPINION

WIDENER, District Judge.

On February 6, 1970, plaintiff, Teddy Jennings, filed suit against Franz Torwegge Machine Works and Garrison Machinery Company. Prior to October, 1964, the Vaughan Furniture Company of Galax, Virginia ordered a machine called a veneer jointing guillotine through the Garrison Machinery Company. Garrison obtained the machine from the Franz Torwegge Machine Works, a West German firm. The defendant, Garrison Company, installed the machine in the Vaughan plant in Galax.

On February 7, 1968, plaintiff Jennings, a Vaughan employee, suffered the loss of his left hand while operating the machine. Plaintiff sued defendants Torwegge and Garrison on theories of negligence and breach of warranty. Torwegge was properly served but failed to plead or otherwise defend the suit and default judgment was entered against it on March 22, 1970. On July 9, 1970, a jury awarded plaintiff $100,000.00 damages against the Franz Torwegge Machine Works.

Unable to satisfy the judgment against Torwegge, plaintiff continued to proceed against Garrison Machinery Company. On May 24, 1972, the court granted Garrison's motion to implead, pursuant to F.R.Civ.P. 14(a), the Vaughan Furniture Company, a third-party defendant. The third-party complaint seeks to hold Vaughan liable to Garrison for all or a part of any recovery on the theory that Vaughan was negligent in servicing and maintaining the machine, prescribing improper (or failing to prescribe any) rules concerning its operation, failing to instruct plaintiff in how to operate the machine, and failing to show plaintiff the operating manual concerning the machine. On July 11, 1972, Vaughan moved to dismiss Garrison's third-party complaint on the ground that the complaint fails to state a claim upon which relief can be granted.

■■ The question before this court, therefore, is whether, under Virginia law, Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), third-party defendant Vaughan has a defense to the third-party complaint as a matter of law. Vaughan takes the position that liability against it is barred by the provisions of the Virginia Workmen's Compensation Act. For the reasons which follow, the court is of opinion that defendant's motion is well taken and the third-party complaint should be dismissed.

Va.Code § 65.1-40 provides as follows:

"Employee's rights under Act exclude all others.—The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

Plaintiff Jennings and defendant Vaughan are covered by the Act, and it is unquestioned that Jennings himself may not proceed against his employer for anything other than Workmen's Compensation. See Va.Code § 65.1-40; Rea v. Ford, 198 Va. 712, 96 S.E.2d 92 (1957); Doane v. E. I. Du Pont de Nemours & Co., 209 F.2d 921 (4th Cir. 1954). The question remains, however, whether Vaughan, who is immune from suit by Jennings, is likewise immune from suit by Garrison. It should be noted from the outset that Garrison asserts no independent cause of action against Vaughan. The only relationship between Garrison and Vaughan is that of vendor-vendee, and, on the part of Vaughan, there was no duty to use due care which ran to Garrison. Neither was there any duty to indemnify. See

Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 215 F.2d 368 (10th Cir. 1954). Any rights founded in negligence asserted by Garrison must, therefore, be derivative rights on account of Jennings' injury.

■ The purpose of the Virginia statute quoted above, as interpreted by the Virginia Supreme Court, is to limit the recovery of all persons engaged in the business under consideration to compensation under the Act, and to deny to an injured person the right of recovery against any other person unless he be a stranger to the business. *Rea,* supra; *Doane,* supra. While the court finds no authority directly on point in Virginia, the majority of the cases have decided that the policy of the Workmen's Compensation laws would be circumvented if a third-party wrongdoer were allowed to recover from a covered employer on account of injuries suffered by the employee, and have disallowed such third-party claims. Reed v. New England Telephone & Telegraph Co., 175 F.Supp. 409 (D.N.H.1958); Baird v. John McShain, Inc., 108 F.Supp. 553 (D.C.D.C. 1952); O'Neill v. United States, 450 F. 2d 1012 (3rd Cir. 1971); Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 215 F.2d 368 (10th Cir. 1954); Slattery v. Marra Bros., Inc., 186 F.2d 134 (2nd Cir. 1950); *cf.* Newport Air Park, Inc. v. United States, 419 F.2d 342 (1st Cir. 1969); Crawford v. Pope & Talbot, Inc., 206 F.2d 784 (3rd Cir. 1953).

While this may not be a suit for contribution as such, because no judgment has yet been rendered against Garrison Machinery Company, the principles are the same. Were it not for F.R.C.P. 14(a), Garrison would have to sue Vaughan for contribution in the event that any judgment was rendered against Garrison. It is well settled that Rule 14(a) of the Federal Rules of Civil Procedure does not create any new substantive rights. See Brooks v. Brown, 307 F.Supp. 907 (E.D.Va.1969). The effect of Rule 14(a) here is to anticipate the contribution question.

■■ In Virginia, one may not be held liable for contribution unless he could have been held liable to the injured party in the first instance. If the party sought to be charged with contribution was immune from liability due to some defense such as inter-family tort immunity, he is also immune from contribution. Norfolk Southern R. R. Co. v. Gretakis, 162 Va. 597, 174 S.E. 841 (1934). See also Drumgoole v. Virginia Electric & Power Company, 170 F.Supp. 824 (E.D.Va.1959), applying the same principle to indemnity. Since third-party defendant Vaughan was insulated from tort liability to plaintiff Jennings by the Workmen's Compensation Act, the court is of opinion that Vaughan is likewise insulated from any tort liability to third-party plaintiff Garrison.

There are cases to the contrary, arising from jurisdictions which draw distinctions between active and passive negligence. See e. g., Trail Builders Supply Co. v. Reagan, 430 F.2d 828 (5th Cir. 1970); *Id.,* Fla., 235 So.2d 482 (on certification to Supreme Court of Florida). The question in such cases is frequently whether an employer whose negligence was primarily responsible for the accident may be sued by a third-party tortfeasor who was only passively negligent toward the injured employee. See *Trail, etc., supra.* Such distinctions are not found in Virginia law. The court is accordingly of opinion that the majority is the better reasoned view, that the Workmen's Compensation Act bars Garrison's third-party complaint, and that the Virginia court would so hold should the question be considered.

An order is this day entered consistent with this opinion.