## CIRCUIT COURT OF BOTETOURT COUNTY

Donald E. Schley

v.

Chesapeake and Ohio Ry. Co.

v.

Liberty Limestone Corp.

July 31, 1975

Case No. 1057

By JUDGE ROSCOE B. STEPHENSON, JR.

The dispositive issue is whether an employer who has paid workmen's compensation benefits to an injured employee under the Virginia Workmen's Compensation Act can be held liable for indemnity to a third-party who has been sue in a negligence action for damages by the injured employee.

Plaintiff (Schley), by his motion for judgment, alleges that while he was in the employ of Liberty Limestone Corporation (Liberty) he sustained injuries as a result of the negligence of defendant (C. & O.). Prior to his instituting this suit, Schley received workmen's compensation benefits from Liberty pursuant to the Virginia Workmen's Compensation Act.

The C. & O. has impleaded Liberty in this suit seeking indemnity for any judgment which may be rendered against the C. & O. and in favor of Schley, and in its third-party motion for judgment the C. & O. alleges that Schley's injury was solely the result of Liberty's negligence.

The C. & O. does not claim that any contract exists

between it and Liberty providing for indemnity in such a case as this.

The Court has for decision Liberty's demurrer to the third-party motion for judgment. By its demurrer Liberty contends that the C. & O.'s indemnity claim is not allowable because Liberty, having paid workmen's compensation benefits to Schley, is immune from suit by the C. & O. as well as by Schley.

Schley is barred from bringing a negligence suit against Liberty by § 65.1-40 of the Code of Virginia, 1950, as amended, which reads:

> The rights and remedies herein granted to an employee . . . on account of personal injury or death by accident shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service or death.

Under the Workmen's Compensation Act both Schley and Liberty have surrendered their common law rights and they are limited solely by the provisions of the Act. Having been compensated under the Act, Schley is precluded from obtaining further compensation from Liberty. *Fauver v. Bell*, 192 Va. 518, 65 S.E.2d 575 (1951).

Since Schley is barred from maintaining a common law action against Liberty, can the C. & O., absent a contract of indemnity, force Liberty, in effect, to compensate Schley twice: once by workmen's compensation benefits and again by a common law tort action?

Until recently adopted Rule 3:10, Rules of the Supreme Court of Virginia, third-party practice was not permitted in Virginia. Consequently, the question here presented has not been decided by the Virginia Supreme Court.

Rule 3:10, however, is merely procedural and, contrary to the C. & O.'s contention, created no new substantive right of indemnity.

This very question was considered in *Jennings v. Franz Torwegge Machine Works*, 347 F. Supp. 1288 (W.D. Va. 1972). There the plaintiff, while in the employ of Vaughan Furniture Company, was injured by a machine manufactured by Franz Torwegge Machine Works and distributed by Garrison Machinery Company. He sued Franz Torwegge and Garrison

on theories of negligence and breach of warranty. Garrison impleaded Vaughan for indemnity. The Court, in a well reasoned opinion by Judge Widener, held that Garrison was not entitled to either indemnity or contribution and said in part:

> In Virginia, one may not be held liable for contribution unless he could have been held liable to the injured party in the first instances. If the party sought to be charged with contribution was immune from liability due to some defense such as inter-family tort immunity, he is also immune from contribution. *Norfolk Southern R.R. Co.* v. *Gretakis*, 162 Va. 597, 174 S.E. 841 (1934). See also *Drumgoole* v. *Virginia Electric & Power Company*, 170 F. Supp. 824 (E.D. Va. 1959), applying the same principle to indemnity. Since third-party defendant Vaughan was insulated from tort liability plaintiff Jennings by the Workmen's Compensation Act, the court is of opinion that Vaughan is likewise insulated from any tort liability to third-party plaintiff Garrison. 347 F. Supp., at page 1290.

In *Bell* v. *Federal Reserve Bank*, 57 F.R.D. 632 (E.D. Va. 1972), a factual situation pertained similar to that in *Jennings*, *supra*, except the bank alleged in its third-party complaint that there was a contract of indemnity between it and the third-party defendant, Otis Elevator Company.

The Court in *Bell* (opinion by Judge Merhige) held that only if a contract of indemnity existed could the action be maintained, citing *General Electric* v. *Monetz*, 270 F. 2d 780 (4th Cir. 1959). *Bell* states:

> Absent said contractual relationship, however, this court concludes that it would be a violation of the intent of the Workmen's Compensation laws to subject an employer to further liability beyond direct statutory liability for injuries to an employee, for to do so would in effect liable the employer both upon common law (by

indemnification) and statutory law (by Workmen's Compensation). 57 F.R.D. at page 635.

In *Burnette* v. *General Electric Co.*, 389 F. Supp. 1317 (W.D. Va. 1975), which presented similar facts to the case at bar, Goodyear Tire & Rubber Company, third-party defendant, was granted a summary judgment because plaintiff's decedent was an employee of Goodyear at the time of his death and came under the Workmen's Compensation Act. In that case the court speaking through Chief Judge Turk said:

> However, no claim of contractual indemnity is asserted in General Electric's third-party suit against Goodyear, and in fact the reverse situation would appear to be the case, i.e. that General Electric agreed to indemnify Goodyear. In the absence of contractual indemnity, General Electric can maintain its third party suit against Goodyear only if plaintiffs could have sued Goodyear directly, *Jennings* v. *Franz Torwegge Machine Works*, 347 F. Supp. 1288 (W.D. Va. 1972). Therefore, the issue squarely presented is whether under the Virginia Workmen's Compensation Act, decedent was a statutory employee of Goodyear. The court is of the opinion that the relevant facts bearing on this issue are not in dispute; that at the time of his death decedent was engaged in the 'trade, business or occupation' of Goodyear within the meaning of § 65.1-29 of the Code of Virginia (1973 Repl. Vol.); and Goodyear is accordingly entitled to summary judgment. 389 F. Supp. 1321.

While the C. & O. can defend this suit on the theory that Liberty's negligence was the sole proximate cause of Schley's injury, the court is of the opinion that the C. & O., like Schley, has no right to maintain a common law negligence action for either contribution or indemnity against Liberty, the effect of which would require Liberty to pay for Schley's injury both under Workmen's Compensation and under a common law tort action. Accordingly, Liberty's demurrer is sustained.