## CIRCUIT COURT OF ROCKINGHAM COUNTY

James Zane Jordan

v.

Dennis James Powers

v.

Rock Excavators, Inc.

September 8, 1975

Case No. (Law) 5511

BY JUDGE JOSHUA L. ROBINSON

James Jordan brings this action against Dennis Powers for personal injuries allegedly sustained when he was struck as a result of Powers' negligent operation of a pick-up truck. At the time of the collision, Jordan was employed by Rock Excavators, Inc., and acting within the scope of his employment. Powers filed grounds of defense denying negligence, and pursuant to Rule 3:10, filed a third party complaint against Rock Excavators, Inc., alleging that Jordan's injuries were a proximate result of Rock's negligent violation of certain duties it owed to Jordan.[1] The third party complaint alleged that if Powers were negligent, then Rock's concurring negligence was a proximate cause of

---

[1] Paragraph (4) of the third party Motion for Judgment also alleges that Rock violated a duty to the public (including Powers) to warn approaching vehicles of the danger ahead.

If A violates a duty to B which results in B's injury of and liability to C, to whom A owed no such duty, does A's negligent conduct thus resulting in damage to B (in the judgment he must pay A) create a legal liability from A to B.

One of the categories in which contribution is enforced is where "although there is no concerted action, nevertheless, the independent (tortious) acts of servile actors concur to produce indivisible harmful consequences." 1 Harper and James, *The Law of Torts* (1956) 698. The *Restatement* states the Rule as ". . . each of two or more

Jordan's injury, that the two defendants were joint tortfeasors, that Rock was liable to Powers for part of Jordan's claim (Rule 3:10) and prayed that Rock be required to contribute to any judgment that might be rendered against him.

Rock demurred and pleaded in abatement[2] to the third party complaint on the ground that Jordan was covered by the Workmen's Compensation Act, it had paid Workmen's Compensation to him, and since it was immune from tort liability, it could not be a joint tortfeasor against whom contribution could be enforced.

The Workmen's Compensation Act was for the beneficent purpose of providing compensation, in the nature of insurance, to a workman in the event of his injury caused by the risk to which he was exposed as an employee in the particular business, without regard to fault. The pecuniary loss is cast upon the employer as part of his cost of doing business. The employee surrenders his right to bring an action at law against his employer for full damages and agrees to accept a lesser sum fixed by statute. The employer surrenders his right of defense on the grounds of contributory negligence, assumption of risk and the fellow servant rule. Negligence is of no concern in a compensation case. *Fauver v. Bell*, 192 Va. 518, 522, 65 S.E.2d 575 (1951). Thus, claims for injury arising out of and in the course of employment by an

---

persons whose *tortious* conduct is a legal cause of harm to another is liable to the other for the entire harm." 4 *Restatement of Torts* § 875. (Emphasis supplied.)

"When the *negligence* of two or more persons concurs in producing a single indivisible injury, then such persons are jointly and severally liable . . ." *Belt Line Railroad v. Parker*, 152 Va. 484, 504, 147 S.E. 461 (1929).

However, "[w]here recovery of contribution is permitted, it is usually held that there must be a common legal liability on the part of the tortfeasor toward the injured person. Common liability is said to come into existence immediately after the acts of the tortfeasors which give rise to the cause of action against them. Common liability has been conceived as a liability which is enforceable against each tortfeasor individually." 1 Harper and James, *supra* at 718. See, *Bartlett v. Roberts Recapping, Inc.*, 207 Va. 789, 793, 153 S.E.2d 193 (1967), indicating that a plaintiff might be contributorily negligent or assume the risk with respect to defendant A but still be entitled to recover from defendant B.

*Ergo*, A is liable in contribution to B only when his conduct violated a duty creating legal liability to (was tortious with respect to) C. *But see, Westchester Lighting Co. v. Westchester County Small Estates Corp.*, 278 N.Y. 175, 15 N.E.2d 657 (1938); 42 Va. L. Rev. 970.

[2] *Lucas v. Biller*, 204 Va. 309, 130 S.E.2d 582 (1963).

employee against his employer are removed from the ambit of tort law.[3]

In language essentially the same as the original Act of 1918, Code § 65.1–40 now provides:

> The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

This section applies only to the remedy of the employee against his employer; the conclusion that it does not affect the employees' right against a third party is so obvious that "he who runs may read it in the statute." *Smith v. Va. Ry. & P. Co.*, 144 Va. 169, 176, 131 S.E. 440 (1926).

Code §§ 65.1–41, 65.1–42 and 65.1–43 provide that the making of a claim for compensation operates as an assignment to the employer of any right to recover from a third party, subrogating the employer to the employee's right to a tort recovery, to the extent that he has paid compensation.[4]

Code § 65.1–41 gives the employer the right to bring the third party action for his own benefit and the benefit of the employee in the name of either.[5]

---

[3] This would be the case even if the employer's negligence were wilful or wanton. *Compare, e.g., W. Va., W.C.L.*, Art. 482, permitting a common law action where the employer intentionally injures the employee. There is no similar Virginia Statute. *See*, 99 C.J.S., *Workmen's Compensation*, § 332.

[4] For a chronological history of the amendments dealing with the problem, *see, Noblin v. Randolph*, 180 Va. 345, 23 S.E.2d 209 (1942); *Student Comment*, 9 U. of Rich. L. Rev. 159.

[5] Clearly, the employee's contributory negligence would bar the employer's action. (Although the employer was not negligent, the employee's negligence would be imputed to him under the doctrine of *respondeat superior*). It would be an anomaly indeed if when the employer brings the suit, the third party could plead the negligence of the employer in bar only to the extent that the employer has paid compensation. *But see Essex v. City of Lexington*, 232 N.C. 200, 211, 60 S.E.2d 106, 114 (1950); 42 Va. L. Rev. 968.

At common law, there was no contribution among joint tortfeasors. *Belt Line Railroad v. Parker*, 152 Va. 484, 505, 147 S.E. 461 (1929). The common law rule was abrogated in Virginia by Code § 8–627:

> Contribution among wrongdoers may be enforced when the wrong is a mere act of negligence and involves no moral turpitude.

"Wrongdoers" has been interpreted as tortfeasors.

> The doctrine of contribution is founded on principles of equity and natural justice, and the general rule appears to be that when parties are bound to bear a burden *and are liable from the same circumstances* existing as to both, contribution is a matter of right in equity. *Hudgins v. Jones*, 205 Va. 495, 500, 138 S.E.2d 16 (1934). (Emphasis supplied.)

In *Norfolk Southern R.R. Co. v. Gretakis*, 162 Va. 597, 174 S.E. 841 (1934), the Gretakis child was injured as a result of the concurring negligence of her father and the railroad. She recovered a judgment against the Railroad, which filed a bill for contribution against her father, alleging he was a joint tortfeasor. In a succinct opinion by Mr. Justice Eppes, the Court held:

> Section 5779, Code of Va. 1919, gives a right of contribution only where the person injured has a right of action against two persons for the same indivisible injury. Though the concurring negligence of two persons may have resulted in an indivisible injury to a third, *if the third person has a cause of action against only one of them, that one cannot enforce contribution from the other*. The statute allowing contribution does not create any greater liability than existed before its enactment. See in this connection, *Consolidated Coach Corp. v. Burge*, 245 Ky. 631, 54 S.E.2d 16, 85 A.L.R. 1086; *Ackerson v. Kibler*, 138 Misc. 695, 246 N.Y.S. 580. 162 Va. at 600. (Emphasis supplied.)

The federal courts under Virginia law have interpreted *Gretakis* to hold that one may not be liable for contribution unless his tortious act gave rise to legal liability to the injured party in the first instance. *E.g., Jennings v. Garrison Machinery Co.*, 347 F. Supp. 1288 (W.D. Va. 1972); 9 U. of Rich. L. Rev. 169, fn. 31.

Although it has been argued that the *Gretakis* holding should be limited to the now abrogated[6] parental immunity doctrine, 9 U. of Rich. L. Rev. 168, the quoted language dispels any doubt that the Virginia rule is that contribution may be enforced only against one who was legally liable in the first instance. This conclusion is reinforced by at least two recent cases of our Supreme Court setting forth the principle that "before contribution may be had, it is essential that a cause of action[7] by the person injured lie against the alleged wrongdoer from whom contribution is sought." *Bartlett v. Roberts Recapping, Inc.*, 207 Va. 789, 793, 153 S.E.2d 193 (1967). "The right of contribution arises only when one tortfeasor had paid or settled a claim for which the other wrongdoers are also *liable.*" *Nationwide v. Minnifield*, 213 Va. 797, 798, 196 S.E.2d 75 (1973). (Emphasis supplied.)[8]

This rule is in accord with the overwhelming weight of authority, *Yellow Cab Co. of D.C. v. Dreslin*, 181 F.2d 626 (D.C. Cir. 1950),[9] and the *Uniform Contribution Among Tortfeasors Act* (1955), Section 1(a): "where two or more persons become jointly or severally *liable in tort* for the same injury . . . ." (Emphasis supplied.)

Alternatively, the defendant argues that if the employer were negligent, any judgment which Jordan recovers against Powers should be reduced by the amount of Workmen's Compensation he received from Rock. *Witt v. Jackson*, 17 Cal. Rep. 369, 366 P.2d 641 (1961); *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940). (Pennsylvania has since enacted the Uniform Contribution among Tortfeasors Act which might

---

[6] *Smith v. Kaufman*, 212 Va. 181, 183 S.E.2d 190 (1971).

[7] If the concurring negligence of Powers and Rock had broken the plaintiff's watch, as well as his foot, Jordan would have a cause of action against his employer for property damage, and contribution would lie. Thus, injury to person and to property gives rise to two separate causes of action, which may be split, *Carter v. Hinkle*, 185 Va. 1, 52 S.E.2d 135 (1949), and sometimes must be severed.

[8] The most common situation to present the problem would seem to be when the ordinary negligence of a host (who was formerly liable only for gross negligence) concurred with the negligence of a third party to cause injury to a passenger. No case has been cited with these facts, probably because it was generally accepted that this rule would apply. If it was before the Court in *Bartlett v. Recapping, Inc., supra*, it was neatly sidestepped. The gross negligence of the host in *Hudgins v. Jones*, 205 Va. 495, 138 S.E.2d 16 (1964), was not considered to be moral turpitude disqualifying him from seeking contribution.

[9] Many of the cases are collected in 1 *Harper and James*, Torts (1956), Chapter X, and in student notes, 42 Va. L. Rev. 959, and 9 U. of Rich. L. Rev. 159.

change the result); *Essex v. City of Lexington*, 232 N.C. 200, 211, 60 S.E.2d 106, 114.[10]

Each tortfeasor is jointly and severally liable for the full injury he causes. The plaintiff may sue either or both and elect from which he obtains satisfaction. 18 M.J. *Torts* §§ 3, 4, 5. Thus, it is of no avail to a defendant to claim that someone else was partly to blame.[11]

The plaintiff's claim to Workmen's Compensation is a contract right, incident to and by statute part of the contract of employment. A defendant who by his negligence has injured another, owes him full compensation for the injuries inflicted, and the payment for those injuries from a collateral source in no way relieves such defendant from his obligation. *Burks v. Webb, Admx.*, 199 Va. 296, 304, 99 S.E.2d 629 (1957). Code § 65.1–41 specifically prohibits the admissibility of evidence of the amount of compensation paid in an action by the employee or the employer against the third party. The stranger to the employment is therefore entitled to no benefit for any collateral source available to the plaintiff.

Whether the plaintiff may plead his employer's negligence in bar of Rock's claim for exoneration pursuant to Code § 65.1–42 is not now before the Court. *See, Liberty Mutual Ins. Co. v. Adams*, 417 P.2d 417 (Idaho 1966). Many Virginia cases indicate the intent to prevent a double recovery to the employee; e.g., *Noblin v. Randolph*, 180 Va. 345, 23 S.E.2d 209 (1942); *Sheris v. Sheris*, 212 Va. 825, 834, 188 S.E.2d 367 (1972); but the act is to be liberally construed in favor of the employee; *Delp v. Berry*, 213 Va. 786, 195 S.E.2d 877 (1973), and there are circumstances under which this principle does not apply. *Horne v. Superior Life Ins. Co.*, 203 Va. 282, 123 S.E.2d 401 (1962).

The plea in abatement to the third party motion for judgment will be sustained; no evidence of the plaintiff's claim for Workmen's Compensation will be admitted, and the defendant, if found liable to the plaintiff, will be entitled to no credit against such sum as may be recovered.

---

[10] The North Carolina cases have run the full gamut. There the third party may not join the employer to obtain contribution; the employer has the exclusive right to bring the third party action within six months from the injury. 42 Va. L. Rev. 968.

[11] Since no tort liability arises between co-employees, *Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 93 (1946), obviously a suit for contribution would not lie against a negligent fellow servant. Must we hark back to the common law of Master and Servant to determine whether the negligent agent of a corporate employer was a fellow servant or a Superior Servant? *See*, 12 M.J. *Master and Servant*, §§ 65–75.