## CIRCUIT COURT OF FAIRFAX COUNTY

Jorge Sanchez

v.

Koppers Co. Inc. and
Ray Bergstrom d/b/a
Bergstrom Painting Co.

December 7, 1981

Case No. (Law) 50536

By JUDGE WILLIAM G. PLUMMER

Enclosed is a copy of the Memorandum Opinion granting defendant Bergstrom's Motion to Dismiss. This of necessity will cause the dismissal of the cross-claim filed by defendant Koppers against Bergstrom.

Koppers has sought leave to file a third-party Motion for Judgment against Bergstrom claiming contribution and indemnity. The Motion is denied.

If Bergstrom should be required to contribute to or indemnify Koppers for any judgment that Sanchez may get against Koppers he would be paying part or all of Sanchez's damages at common law. Virginia Code Section 65.1-40 grants him immunity from paying any more to Sanchez, directly or indirectly, other than what the Workmen's Compensation Act requires.

The majority view in this country supports these conclusions, 100 ALR 3d 350; as do five cases involving Virginia law. Mahone v. McGraw-Edison Company, 281 F. Supp. 582 (E.D. Va. 1968)(denied contribution); Jennings v. Franz Torwegge Machine Works, 347 F. Supp. 1288 (W.D. Va. 1972) (denied contribution); Bell v. Federal Reserve Bank, 57 F.R.D. 632 (E.D. Va. 1972) (allowed indemnity based upon contract between employer and third party but by dictum said no indemnity absent a contract); Bennett v. General Electric Company, 389 F. Supp. 1317 (W.D. Va. 1975) (denied contribution and indemnity); Johnson v. Catlett, 98 S.E.2d 458 (N.C. 1957)(denied contribution).

Counsel should prepare a draft order in keeping with the rulings contained in this letter and the attached Memorandum Opinion.

MEMORANDUM OPINION - December 4, 1981

On August 28th, 1978, Plaintiff Jorge Sanchez, as an employee of Defendant Ray Bergstrom, was standing on a ladder painting with a product manufactured, packaged, and distributed by Defendant Koppers Company, Incorporated. He alleges he was overcome by paint fumes, fell from the ladder, and was severely injured.

Later, Sanchez personally signed an "Agreement as to Compensation," as did Bergstrom through his insurance carrier. The agreement was forwarded to the carrier by Sanchez's attorney. The Industrial Commission of Virginia approved the agreement entering its award dated April 23, 1979, retroactively effective to September 5, 1978. Sanchez continues receiving his weekly award of $170.93 and such medical expenses as allowed under the Workmen's Compensation Act, Virginia Code, Section 65.1-1 et seq.

In this Court Sanchez alleges that Bergstrom is liable for his injuries by being:

> guilty of wilful, wanton and reckless misconduct in exposing Plaintiff to substantial, significant and probable risk of harm

greater than the ordinary risk of harm attendant to the painting industry and attendant to a painter's duties, and in requiring the Plaintiff to perform said tasks after Plaintiff had protested and specifically pointed out the harm to which he was being subjected.

Bergstrom moves the Court to dismiss the case for lack of jurisdiction claiming that Sanchez's sole remedy is the Workmen's Compensation Act and relies specifically on Section 65.1-40:

> <u>Employer's rights under Act exclude all others.</u> The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, defendants or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

Sanchez claims the wilful, wanton, and reckless misconduct of Bergstrom takes this case out of the category "injury . . . by accident" and relies on, among other things, a number of cases that hold an employer's intentional harming of an employee is outside the Act. I disagree with the latter view for two reasons.

First, intentional harm of an employee is not the equivalent to harming him through extreme negligence. A thorough analysis of this question may be found in 2 A Larson's, <u>Workmen's Compensation Law</u>, Chapter XIII, Sections 68.00-68.13. The author states in Section 68.13 at p. 13-10:

> If these decisions seem rather strict, one must remind oneself that what is being tested here is not the degree of gravity or

depravity of the employer's conduct, but rather the narrow issue of intentional versus accidental quality of the precise event producing injury. The intentional removal of a safety device or toleration of a dangerous condition may or may not set the stage for an accidental injury later. But in any normal use of the words, it cannot be said, if such an injury does happen, that this was deliberate infliction of harm comparable to an intentional left jab to the chin.

Some states have statutory exceptions to provisions like Section 65.1-40, however, Virginia's Act does not. Our statute is plain and clear. Sanchez has accepted his sole remedy.

Which leads me to the second reason. Sanchez urges the Court to disregard his submission to the Act; he should be able to pursue remedies under the Act and in the alternative sue his employer at common law.

If Sanchez had filed a claim with the Commission and prior to a decision by the Commission had filed suit in this Court he might have had some problems in trial due to his inconsistent assertions but probably could have continued with both actions until one or the other tribunal made a decision. In actuality, he received an award from the Commission in April, 1979, based upon the "Agreement as to Compensation." The award is a finding that the incident was an "accident." He filed suit here in August, 1980.

Section 65.1-98 states the award of the Commission with or without review pursuant to Section 65.1-97, ". . . shall be conclusive and binding as to all questions of fact." All appeals from awards of Commission are direct to the Supreme Court of Virginia. The findings of fact if based upon credible evidence are binding on the Supreme Court. Fairfax Hospital v. De La Fleur, 221 Va. 406 (1980). They are equally

binding on this Court. Sanchez is estopped from claiming it was other than an "accident."

A last point raised by Sanchez is a question of equal protection of the laws and due process. His rationale is that while an employee is denied compensation if his injury was caused by his own wilful misconduct (Section 65.1-38) there is no bar to an employer seeking refuge in the Act when the employer caused the injury by wilful misconduct. As this is predicated upon a potential finding in this case that the employer was guilty of wilful misconduct the question is not properly before the Court for the reasons stated in the previous paragraph regarding estoppel.

The case against Defendant Bergstrom is dismissed.