**Willie B. VINCENT et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 74–1738.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1975.

Decided April 14, 1975.

William R. Wilson, Jr., Little Rock, Ark., for appellants.

Wilbur H. Dillahunty, U. S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Christopher Smith and Sharon Vincent, pre-school children, sustained severe bodily injuries in an automobile accident while riding with Mary L. Rush, who was transporting the children from a "Head Start" program to their homes. The children and their parents filed this suit pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., alleging that Mrs. Rush negligently operated her automobile, thereby causing the accident.

The district court (Judge Oren Harris) ruled that Mrs. Rush was not an employee of the United States and dismissed the action.[1] Plaintiffs appeal from that dismissal.

The facts stand undisputed. Mrs. Rush's employer is Mid-Delta Office of Economic Opportunity, Inc., an Arkansas nonprofit corporation (Mid-Delta). Mid-Delta has obtained federal grants for the purpose of providing assistance to the poor under provisions of the Economic Opportunity Act, 42 U.S.C. § 2701 et seq. Mid-Delta employed Mrs. Rush as a part-time driver for the Head Start program, paying her $1.60 per hour for four hours per day. She used her family automobile and received ten cents per mile travelled. The funds used for this purpose were largely derived from grants of assistance from the federal government paid to Mid-Delta under contract.

Appellants do not claim any formal employment between the federal government and Mrs. Rush but assert that Mid-Delta functioned as an agency or instrumentality of the United States within the meaning of the Federal Tort Claims Act.

Under 28 U.S.C. § 1346(b), a suit may be brought against the United States for

\* \* \* personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 2671, as pertinent here, provides that an "employee of the Government" is anyone "acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." Section 2671 defines "federal agency" as including

\* \* \* the executive departments and independent establishment of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States but does not include any contractor with the United States.

As the sole issue on appeal, we must determine whether Mid-Delta is an instrumentality or agency of the United States within the meaning of 28 U.S.C. § 2671.

The district court carefully reviewed this question and concluded that Mid-Delta was separate and distinct from the United States and the Office of Economic Opportunity and that federal control over Mid-Delta was insufficient to cause it to be considered an agency or instrumentality of the federal government within the meaning of the Federal Tort Claims Act. Our review of the record, the district court opinion, and the relevant authorities convinces us that the district court was correct in its ruling. See Hines v. Cenla Community Action Committee, Inc., 474 F.2d 1052, 1057–58 (5th Cir. 1973); Robles v. El Paso Community Action Agency, 456 F.2d 189, 190–91 (5th Cir. 1972); cf. D. R. Smalley & Sons, Inc. v. United States, 372 F.2d 505, 507–08, 178 Ct.Cl. 593, cert. denied, 389 U.S. 835, 88 S.Ct. 45, 19 L.Ed.2d 97 (1967); United States v. Hainline, 315

---

\* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Vincent v. United States, 383 F.Supp. 471 (E.D.Ark.1974).

F.2d 153, 155–56 (10th Cir.), cert. denied, 375 U.S. 895, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963). A Sixth Circuit decision holds to the contrary. Orleans v. United States, 509 F.2d 197 (6th Cir. 1975).

We affirm for the reasons set forth in Judge Harris' comprehensive and well-reasoned opinion.