Floyd HAUTH and Clara Hauth, an infant, who sues by her father and next friend, Floyd Hauth, Plaintiffs,

v.

The SOUTHEASTERN TIDEWATER OPPORTUNITY PROJECT, INC., et al., Defendants.

Civ. A. Nos. 75–515–N, 75–643–N.

United States District Court, E. D. Virginia, Norfolk Division.

Aug. 24, 1976.

Edwin Jay Rafal, Rabinowitz, Rafal & Swartz, Norfolk, Va., for plaintiffs.

Harry N. Gustin, Allan S. Reynolds, Norfolk, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

The defendants move the Court for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, on the grounds that the defendants were cloaked with sovereign immunity and are, therefore, not subject to being sued in negligence. Jurisdiction is based on diversity of citizenship, the plaintiff being a citizen of the State of Nebraska and the defendant Southeastern Tidewater Opportunity Project, Inc., a Virginia corporation. The amount sued for ($1,000,000) is in excess of the jurisdictional amount required. 28 U.S.C. § 1332.

### FACTS

The defendant, Southeastern Tidewater Opportunity Project, Inc., is charged with negligence in that it placed an employment applicant, J. D. Parker, who had been diagnosed as a psychotic and who had a criminal record for sexual offenses, in the maintenance department at a public elementary school. Parker is alleged to have thereafter violently raped the infant plaintiff. Plaintiff seeks damages for defendant's failure to use reasonable care to adequately screen its applicants' available records so as to discover such previous criminal record and mental disturbance and thereby prevent the ensuing attack.

S.T.O.P. is a community action agency formed pursuant to the Economic Opportunity Act of 1964, 42 U.S.C.A. § 2701 et seq. and the Virginia Nonstock Corporation Act, Va. Code § 13.1–201 et seq. (1950)[1] for the purpose of combating poverty and alleviating the social ills of inadequate education, housing, unemployment and poor health which contribute to poverty in the communities of the sovereign members. S.T.O.P. members include the Cities of Chesapeake, Norfolk, Portsmouth, Suffolk, Virginia Beach, and Franklin, Virginia, and the Counties of Isle of Wight and Nansemond, Virginia.

The agency is managed and controlled entirely by the Board of Directors. The sovereign members have no voting power or influence in the affairs of the agency except that each member may appoint one of the not less than sixty-six directors. The Board is divided into three groups for appointment purposes. Group A directors are appointed by the sovereign members; Group B directors are appointed by civic, labor, business, social and religious organizations from the communities of each member; and Group C directors consist of residents from the neighborhoods served by the agency appointed by the Advisory Boards of the Neighborhood Centers in each of the member communities. The Board is responsible for all action taken by the agency, including hiring personnel and setting rules and regulations to execute the programs the agency designs.

## THE LAW

■ Defendant S.T.O.P. claims to be immune from plaintiffs' action for negligence by virtue of the immunity vested in its sovereign members. In order to grant summary judgment to the defendant on the basis of this claimed immunity, S.T.O.P. must be determined to be a municipal corporation carrying out a governmental function, *Virginia Electric and Power Comp. v.*

*Hampton Redevelopment and Housing Authority*, Va., 225 S.E.2d 364, 368 (1976).

■ *Hampton Roads Sanitation District Commission v. Smith*, 193 Va. 371, 377, 68 S.E.2d 497, 501 (1952) fixed two tests to determine whether a particular entity constitutes a municipal corporation: first, what attributes of municipality the entity possesses; and second, in light of this initial consideration, the particular purpose for determining whether a municipal corporation is present.

The municipal attributes to be considered for the first test were set out in *Hampton Roads Sanitation, supra*, and restated in *City of Richmond v. Richmond Metropolitan Authority*, 210 Va. 645, 647, 172 S.E.2d 831, 832 (1970):

"(1) Creation as a body corporate and politic and as a political subdivision of the Commonwealth;

"(2) Creation to serve a public purpose;

"(3) Power to have a common seal, to sue and be sued, to enter into contracts, to acquire, hold and dispose of its revenues, personal and real property;

"(4) Possession of the power of eminent domain;

"(5) Power to borrow money and issue bonds which are tax exempt, with interest on such bonds enjoying the same status under tax laws as the interest on bonds of other political subdivisions of the state;

"(6) Management of the corporation vested in a board of directors or a commission."

*Hampton Roads Sanitation, supra*, stated that whether or not an agency with these attributes constitutes a municipal corporation depends on the second test, the particular instance and purpose for which the status of the agency is to be identified. The court explained that when the purpose is for procedural matters, i.e. whether the agency has to file municipal reports, there is greater likelihood of finding municipal

---

1. Plaintiff does not sue the United States due to *United States v. Orleans*, —— U.S. ——, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), which held that a community action agency formed pursuant to this Act is not a federal agency, nor does plaintiff sue the Commonwealth since there was no state enabling legislation required or made to bring life to S.T.O.P.

status than when the pivotal question is substantive in nature. Defendant, therefore, argues that these six attributes are not required for a determination that the agency is a municipal corporation in every instance. The Court disagrees. *Vepco, supra,* the most recent case in this area of law, ignored the second test of instance and purpose by declaring that the procedural-substantive rule could not validly be used to designate the same entity a municipal corporation for procedural purposes and not for substantive purposes. It restated the six attributes as "pertinent to a determination, that a particular entity occupies the status of a municipal corporation" and made the second test for determining the status of a particular agency whether the functions performed are governmental or proprietary.

Thus, in determining whether S.T.O.P. is a municipal corporation performing a governmental function, the dispositive question is whether S.T.O.P. is vested with the six attributes required of a municipal corporation. The answer is a simple no.

■ The first municipal attribute requires that S.T.O.P. be a corporate and politic body created as a political subdivision of the Commonwealth. 42 U.S.C. § 2790(a) provides for the designation of a community action agency as either (1) a State or political subdivision of a State or (2) a combination of such political subdivisions or (3) a public or private nonprofit agency or organization which has been designated by a State or such a political subdivision or combination of such divisions. The structure of S.T.O.P. as created by its Articles of Incorporation indicates that S.T.O.P. falls within the latter group. It is a public or private nonprofit agency and not a political subdivision, even though its eight members are political subdivisions, because the agency is much more than these eight cities and towns. Its operating body is composed of not less than sixty-six people, who are designated by or residents of the political subdivisions. The first attribute that the agency be a political subdivision of the Commonwealth is not met.

The second attribute, requiring the agency to work for a public purpose is obviously satisfied, so is the sixth attribute which vests management of the corporation in a board of directors or commission.

■ In considering attributes 3, 4 and 5, one must look to the Va. Nonstock Corp. Act, Va. Code § 13.1–204.1 (Supp.1976) where the powers of the agency are set out. Under the statute, S.T.O.P. may have a corporate seal, sue and be sued, enter into contracts, and acquire, hold, and dispose of its revenues, personal and real property— the same powers listed within attribute 3. However, S.T.O.P. may not exercise the power of eminent domain, attribute 4, nor borrow money by issuing tax exempt bonds, attribute 5. The Court, therefore, concludes that because S.T.O.P. satisfies only # 2, # 3, and # 6 of the six attributes required of Virginia municipal corporations, it cannot be designated as a municipal corporation. Such a finding precludes the necessity of determining whether the agency is carrying on a governmental purpose and ultimately precludes recognition of defendant's claim of immunity granted municipal corporations performing governmental functions. This finding that S.T.O.P. is not an agency of the municipalities is buttressed by the affidavits of the City Attorneys for the Cities of Chesapeake and Portsmouth. They declare that S.T.O.P. is not an agency of, but an independent contractor with, their respective cities because the cities exercise no control over S.T.O.P.'s activities, policies or personnel. See *Mahone v. McGraw-Edison Comp.,* 281 F.Supp. 582 (E.D.Va.1968) and *Elizabeth River Tunnel District v. Beecher,* 202 Va. 452, 117 S.E.2d 685 (1961).

Finally, the Court's conclusion that S.T.O.P. is not a municipal corporation is supported by *Vincent v. United States,* 383 F.Supp. 471 (E.D.Ark.1974), aff'd 513 F.2d 1296 (8th Cir.1975) and *Hines v. Cenla Community Action Committee, Inc.,* 474 F.2d 1052 (5th Cir.1973), which held that similar community action agencies were private as opposed to governmental non-profit corporations. These two cases were cited with

approval in *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976) which held that community action agencies created by the Economic Opportunity Act of 1964 are not federal agencies entitled to federal immunity.

The defendant's motion for summary judgment on the basis of sovereign immunity is DENIED for the reasons stated above.