REQUESTED BY: William L. Howland, Dawes County Attorney.
Does section 71-5103, R.R.S. 1943, require a county owned ambulance operated by a federally funded community action agency to be licensed in order to transport persons between their private residences and a hospital or between a hospital and nursing home?
Yes.
Your question arises from the following situation: Dawes County has a vehicle used in the past by the Chadron Volunteer Fire Department as a back up emergency vehicle. That department has given notice that it will provide only emergency services in the future. It will not transport patients from their home to the hospital, from the hospital to a nursing home or from a nursing home to the hospital in situations where there is no emergency. The Northwest Nebraska Community Action Council, Inc. (NWNCAC) has volunteered to man or operate the vehicle in the nonemergency situations described above.
Section 71-5103, R.R.S. 1943, provides:
 "On and after July 1, 1976, no ambulance may transport and patient upon any street, road, highway, or public way in the State of Nebraska unless it holds a valid license issued by the department [Department of Health] to do so."
According to section 71-5101, R.R.S. 1943, the purpose of such licensing is to insure that an adequately equipped ambulance and trained ambulance personnel are available in an emergency. The definitions of both `ambulance' and `patient' in section 71-5102, R.R.S. 1943, are very broad with no exceptions for situations when an emergency is only potential, not actual. `Ambulance' includes the vehicle you describe when used to transport patients upon the streets, roads, highways or public ways in this state unless it is operated under the direct control of an agency of the United States government. `Patient' is an individual who is sick, injured, wounded, or otherwise helpless or incapacitated. From the destinations you mention, we can infer that the persons to be transported are such patients. We can also infer it from the fact that they need the services of a specially constructed vehicle. Accordingly, we have concluded that a license is required under section 71-5103, R.R.S. 1943, in order to provide the services outlined above unless the ambulance is operated under the direct control of the United States government. (A county has authority under section 23-2204, R.R.S. 1943, of the Interlocal Cooperation Act to cooperate with an agency of the United States for joint or cooperative action in providing a service that both have authority to provide.)
The NWNCAC, Inc. is a Nebraska non-profit corporation organized in 1965 to develop, conduct, administer and coordinate in northwest Nebraska all programs and activities authorized or permitted by the Economic Opportunity Act of 1964 as now or thereafter existing. It operates as a community action agency under 42 U.S.C. § 2790. In Courts v.Economic Opportunity Authority for Savannah-Chatham CountyArea, Inc., 451 F. Supp. 587 (D.C. Ga. 1978), employees of a community action agency were held to be employees of a private corporation and not of the federal government. InVincent v. United States, 383 F. Supp. 471 (D.C.Ark. 1974),aff'd., 513 F.2d 1296 (8th Cir. 1975), cert. denied,426 U.S. 919 (1976), it was held that a community action agency was not a `federal agency' under the Federal Tort Claims Act.
We have concluded that NWNCAC is not an agency of the United States government which could operate the county ambulance without getting a license from the Department of Health to do so.